[No. 4118.]

EDWARD POLHEMUS, Surviving Partner of GOODRICH & POLHEMUS, *v.* RICHARD HEIMAN and OSCAR GEORGE, Comprising the Firm of HEIMAN & GEORGE.

Verdict of Jury.—The affidavits of the jurymen who rendered a verdict, that they misunderstood its effect, cannot be received to impeach or defeat it.

Warranty in Contract.—If one party contracts to deliver to the other wool, "in good order," and the latter agrees to accept and pay for it, the clause, "in good order," is an express warranty.

Evidence of a Custom to Change Contract.—If a contract for the delivery of wool contains an express warranty that it is to be delivered in good order, evidence of a custom which would relieve the warrantor from liability under it is not admissible.

Account Stated.—The rule that acquiescence in an account after its delivery, by failing to make objections thereto within a reasonable time, makes it an account stated, does not apply where a party renders an account under a mistake or misapprehension.

Appeal from the District Court, Seventeenth Judicial District, County of Los Angeles.

The firm of Goodrich & Polhemus, on the 29th of March, 1871, contracted with the defendants to deliver, in good order, to the latter, two lots of wool, on or before May, 1871, the latter contracting to pay nineteen and one-half cents per pound for it. The plaintiffs brought this action on the 4th of October, 1871, to recover a balance due them for the wool on an account stated. The balance claimed was $2056.02. The defendants answered, admitting the account stated in the sum claimed, but alleging that the account was rendered under a mistake of facts, and under an erroneous belief that the plaintiffs had performed their part of the contract. The answer then set up that the

plaintiffs had not delivered the wool in good order, but in bad order, and that the defendants had sustained losses thereby, which they asked to have allowed them as a counter-claim.

On the trial, the plaintiffs proved that by the custom among wool-buyers all wool purchased and sent to San Francisco was put into the hands of professional graders, to be opened, sorted and graded, whose certificates were received as conclusive by wool-merchants. The plaintiff then offered to prove that there was a general custom among wool buyers and sellers to require the buyer who claimed a rebatement for defects in wool sold to produce the grader's certificate when the wool had been sent to San Francisco, and also for the buyer to notify the seller as soon as the defects were discovered. The court, on the objection of the defendants, ruled out the testimony. The plaintiff asked the court to instruct the jury, in effect, that if a party rendered an account under a misapprehension or mistake, objections to it must be made within a reasonable time, or it became an account stated, and would be presumed to be correct, and that, in such case, the party objecting to the account was bound to prove that he made known his objections within a reasonable time. The court refused to give the instructions. The defendants, on the trial, admitted that they owed the plaintiffs $578.75, but claimed as due them on the counter-claim $932.48, thus making a balance in their favor of $353.73. The jury rendered a verdict in favor of the defendants for $660.16, which was $306.43 more than they claimed. The defendants remitted the surplus and took judgment for the amount they claimed. The plaintiffs, on motion for a new trial, filed affidavits of the jurors that they rendered their verdict with the understanding that the amount admitted to be due to the plaintiff would be deducted by the court from the amount found in the verdict, and that judgment would be rendered for the balance, viz., the sum of $81.41. The plaintiff appealed.

*Glassell, Chapman & Smith,* for the Appellants.

The rule that the affidavits of jurymen cannot be received to impeach the verdict does not apply to a case like this, but only to cases where it is sought to show misconduct on the part of the jury. The leading California cases upon the subject are, *Turner* v. *Tuolumne Water Co.* (25 Cal. 400); affirmed in *Boyce* v. *Cal. Stage Co.* (Id. 474); both of which were cases where it was sought to show that the jury had arrived at their verdict by a resort to the determination of chance.

In *Vaise* v. *Delevel* (1 Term R. 11)—the principal authority relied upon in *Turner* v. *Tuolumne Water Co.*—the principle, with the reason upon which it is based, is thus stated by the court, Lord Mansfield presiding:

"The court cannot receive such an affidavit from any of the jurymen themselves; in all of whom such conduct is a very high misdemeanor."

The evidence with regard to custom was admissible. The contract must be interpreted by reference to the fact of usage, as it may be presumed such fact is known to the contracting parties, and that they contract in conformity thereto." (Broom's Legal Maxims, 683, 890; see also Civil Code, Sec. 14, Subd. 26.)


*O. Mulveny & Hazard,* for the Respondents.

No custom can be set up against the clear intention of the parties, nor against their express agreement; and no usage can be incorporated into a contract which is inconsistent with the terms of the contract. (*Schoone* v. *Reeside,* 2 Sumner, 567; 2 Parsons on Contracts, 546, note x.)

The office of usage or custom is to interpret the otherwise indeterminate intentions of the parties, and to ascertain the nature and extent of the contract, arising not from express stipulation, but from mere implications and presumptions and acts, of a doubtful and equivocal character, and to fix and explain the meaning of words and expressions of doubtful or various senses. (2 Greenleaf Ev., Sec. 251 and note 4.)

By the COURT:

In this State the affidavits of jurymen cannot be received to impeach or defeat their verdict. The prohibition extends beyond cases of willful misconduct on the part of jurors, and to every case in which the affidavits are attempted to be used as ground for setting aside a verdict because of a misunderstanding of its effect by some or all of the jurors who united in its rendition. The only exceptions to this rule are those in which the Legislature has by express enactment authorized such attack upon the verdict by those who rendered it, and it is not pretended that the present case is within any such exception. (*Boyce* v. *Cal. Stage Company,* 25 Cal. 474.)

The provision in the contract referred to in the answer, to the effect that the wool should be "in good order" was a warranty. (*Polhemus* v. *Heiman,* 45 Cal. 573.) As the contract contained an express warranty, evidence might properly have been rejected of a custom, which was sought to be incorporated into the contract, and the effect of which, if any, would be to relieve the plaintiff of liability incurred by reason of the breach of his express warranty. The authorities cited by appellant do not sustain the propositions contained in the fourth and fifth instructions to the jury asked by him.

We have been enabled to find no substantial error in the rulings or charge of the court below, and the judgment and order are affirmed.