[No. 8002.    Department Two.    Decided July 17, 1909.]

JAMES A. RALTON, *Respondent*, v. SHERWOOD LOGGING
COMPANY, *Appellant*.[1]

NEW TRIAL—MISCONDUCT OF JURY—VERDICT—IMPEACHMENT—AFFI-
DAVITS OF JURORS. On motion for a new trial the verdict of a jury
cannot be impeached by affidavits of the jurors showing that they
arrived at the verdict by consideration of a matter not in issue and
withdrawn by the instructions given; especially in view of Bal.
Code, § 5071, allowing impeachment of a verdict by affidavits of
jurors only in case it was arrived at by resort to chance or lot.

TRIAL—NEW TRIAL—MISCONDUCT OF COUNSEL. It is not miscon-
duct of counsel entitling a party to a new trial, that in argument to
the jury counsel quoted the testimony of witnesses from the notes
of the stenographer, no claim being made that they were incor-
rectly quoted.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered June 24, 1908, upon the ver-
dict of a jury rendered in favor of the plaintiff for personal
injuries sustained by an employee in a logging camp, after
a trial on the merits. Affirmed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.

*James Hart* and *Jay C. Allen*, for respondent.

PARKER, J.—This action was prosecuted in the superior
court by the plaintiff against the defendant to recover dam-
ages on account of personal injuries which he alleges were
the result of defendant's negligence while working in its
logging camp. Upon a trial before the court and a jury,
verdict and judgment were rendered in plaintiff's favor, from
which the defendant appeals to this court. Briefly stated,
and so far as necessary for our consideration, the facts here
involved are as follows: The respondent was injured by the
giving way and pulling down upon him of a tree by a cable
attached thereto as a part of the tackle and appliances used

[1]Reported in 103 Pac. 28.

by appellant in its logging operations. We need not stop to describe the tackle, or the manner of applying the force or pull thereto, since the only question of negligence involved is as to whether or not appellant was negligent in fastening the cable to a tree of insufficient size and strength to stand the force which would necessarily be applied to it. This question was submitted to the jury by the court in the following concise instruction:

"I instruct you that the only question of negligence alleged in this case is negligence of fastening a block and cable to a hemlock tree of insufficient size and strength, and that the only allegation of negligence which you are called upon to consider is the allegation that the tree to which the line and block was fastened was a tree of insufficient size and strength to withstand the pull that was placed upon it."

Neither party complains of this instruction. We therefore quote it to show the exact issue submitted to the jury.

It is first contended by learned counsel for appellant that the evidence upon the question of its negligence in attaching the cable to a tree of insufficient size and strength was not such as to warrant the jury's finding, and that the court erred in denying the motion for new trial upon that ground. We have carefully read the evidence of the various witnesses touching this question and conclude that it was amply sufficient to support the verdict. We do not feel called upon to discuss the evidence in detail.

Upon the hearing of the motion for a new trial, appellant's attorney sought to show, by affidavits of five of the jurors, misconduct on the part of the jury in arriving at their verdict, in that they ignored the court's instruction above quoted. These affidavits are all in substance the same. We quote from one as printed in appellant's brief, as follows:

"That in consideration of the case by the jury, this affiant and the other jurors did not take into consideration the question of the size of the tree to which the lead block was fastened, but based its verdict upon the fact that it considered that the employees and servants of the defendant were

negligent in not giving to plaintiff a sufficient warning of his danger."

It is strenuously argued that the facts shown by these affidavits are such as to entitle appellant to a new trial upon ground of misconduct of the jury. The real question in this connection is as to whether or not such conduct can be shown by the affidavits of the jurors. Touching the use of affidavits of jurors to impeach their verdict, the general rule is stated in 2 Thompson on Trials, as follows:

"Section 2618. Upon grounds of public policy, courts have almost universally agreed upon the rule that no affidavit, deposition, or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered, or to show a mistake in it; or that they misunderstand the charge of the court; or that they otherwise mistook the law, or the result of their finding; or that they agreed on their verdict by average, or by lot."

See, also, 29 Cyc. 982; 14 Ency. Plead. & Prac. 905. This court has heretofore announced its adherence to this doctrine. *Marvin v. Yates*, 26 Wash. 50, 66 Pac. 131; *State v. Parker*, 25 Wash. 405, 65 Pac. 776.

Counsel for appellant rely upon the latter case for the purpose of showing that the conduct of the jury as here shown does not inhere in the verdict, and, therefore, such conduct may be proven by the affidavit of jurors. But in that case the conduct of the juror upon which the court awarded a new trial consisted of very damaging statements against the accused made to the jury, while deliberating, entirely outside of the evidence, touching his knowledge of the accused's being connected with other crimes than the one involved in the trial, and because of that knowledge he knew the accused was guilty, when he had stated, upon his *voir dire* examination, facts indicating he had no knowledge of the accused and was free from prejudice against him. Upon that ground alone this court granted the defendant a new trial,

but was careful to announce its adherence to the general rule by saying, at page 415:

"In considering the affidavits filed, we entirely discard those portions which may tend to impeach the verdict of the jurors, and consider only those facts stated in relation to misconduct of the juror, and which in no way inhere in the verdict itself."

Upon the subject of misconduct of the jury as a ground for new trial it is provided in subd. 2, § 5071 of Bal. Code (P. C. § 707), as follows:

"(2)  Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict to a finding on any question or questions submitted to the jury by the court, other and different from his own conclusions, and arrived at by a resort to the determination of chance or lot, such misconduct may be proved by the affidavits of one or more of the jurors."

This is the only exception provided by statute for the consideration of affidavits of jurors touching their misconduct while considering their verdict. It is in substance the same provision which exists in California and South Dakota where the courts of those states have treated it as excluding affidavits of jurors showing their misconduct unless the misconduct is such as the statute says may be so shown. In the case of *Polhemus v. Heiman*, 50 Cal. 438, the court said:

"In this state the affidavits of jurymen cannot be received to impeach or defeat their verdict   .   .   .   The only exceptions to this rule are those in which the legislature has by express enactment authorized such attack upon the verdict by those who rendered it;"

which is quoted with approval in *Murphy v. Murphy*, 1 S. D. 316, 9 L. R. A. 820. It seems to us that the facts relied upon as misconduct on the part of the jury, and which are here attempted to be proven by their affidavits, inhere in the verdict. And for reasons of public policy which have been so often pointed out by the courts and text writers such

affidavits cannot be considered even if such facts be regarded as material to the question involved.

It is contended that the misconduct of counsel for the respondent in his argument to the jury is such as to entitle appellant to a new trial. There is some controversy as to exactly what this alleged misconduct consisted of, arising by reason of the condition of the statement of facts, over which there seems to have been considerable controversy in its settlement by the court. This conduct, however, amounted to nothing more unfavorable to the appellant than the quoting of testimony of witnesses from the notes of the stenographer who had taken the proceedings during the trial. It is not contended that the evidence was incorrectly quoted, and therefore we think the court did not abuse its discretion in allowing the argument to proceed in that manner. Indeed, it is difficult to understand how an argument could be made upon evidence placed before a jury without reference to it, and it certainly could be no worse to quote from it literally than to refer to it in some other more general manner, nor do we see that it can make any difference that the quotation was made from the notes of the stenographer instead of from memory or notes made by the attorney himself. This point has been squarely decided by this court. *State v. Costello,* 29 Wash. 366, 69 Pac. 1099; *State v. Churchill,* 52 Wash. 210, 100 Pac. 309. This renders it unnecessary for us to consider the errors assigned upon the manner of settling the statement of facts, since if the statement contained all the facts upon the manner of counsel's argument to the jury contended for by appellant, our conclusion would be the same.

We find no error and are of the opinion that the judgment of the lower court should be affirmed. It is so ordered.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.