[No. 9716. Department Two. December 9, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.

WILLIAM P. O'BRIEN, *Appellant*.[1]

CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE—DISCRETION. It is not an abuse of discretion to refuse a continuance in a criminal case, asked on account of the absence of a witness who was present when the case was set for trial and would probably have been present but for a wreck which detained him, where the case had been once continued on a like showing and due diligence was not shown by subpoenaing him, and it was not made to appear reasonably certain that he would be present later.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE—FACTS OTHERWISE ESTABLISHED. In a prosecution for assault, the exclusion of evidence of the character of the wound, taken in connection with a remark of the prosecuting attorney that the person assaulted had since died, is not prejudicial in that the jury might be led to believe that death resulted from the assault, where the jury were instructed that the remark could be considered only to account for the absence of the party as a witness; and especially where the wound was described by the attending physician.

[1]Reported in 119 Pac. 609.

ASSAULT—EVIDENCE—MATERIALITY—DEATH OF PARTY. In a prosecution for assault in the second degree, where the one assaulted died before the trial, it is not error to exclude evidence as to the cause of his death.

CRIMINAL LAW—EVIDENCE—OPINION—REPUTATION. In an action for assault, the quarrelsome disposition of the one assaulted cannot be shown by asking the opinion of a witness as to whether he was a peaceable man, but only by establishing his reputation.

APPEAL—HARMLESS ERROR—TRIAL—RULES OF COURT—OBSERVANCE. Nonobservance of a local rule of court with respect to copies of the instructions requested is not ground for reversal.

APPEAL—HARMLESS ERROR—TRIAL—INSTRUCTIONS. Refusing requests for instructions because not made within the time required by a rule of court is not prejudicial error, where the instructions given sufficiently stated the law of the case.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. A motion for a new trial on the ground of newly discovered evidence of a witness in a distant state, who was telegraphed to a day or two after the trial, is properly denied for want of a showing of diligence, where the circumstances showing diligence were not stated and it was not shown how or from whom the information was obtained.

Appeal from a judgment of the superior court for King county, Main, J., entered March 11, 1911, upon a trial and conviction of assault. Affirmed.

*James B. Metcalfe*, for appellant.

*John F. Murphy* and *Alfred H. Lundin*, for respondent.

CHADWICK, J.—Defendant was convicted of the crime of assault in the second degree. Error is predicated upon several assignments, which we will discuss in the order in which they are presented.

(1) It is urged that the court erred in refusing to grant a continuance of the trial from February 23 until March 2, a period of nine days, in order to procure the attendance of a witness. It seems that one Christiansen was a witness to a part of the affray; that he was present on December 20, when the case was set for trial but was put over on account of the congested condition of the docket. It was expected

that Christiansen would be present on February 23, and it is likely that he would have been but for the wreck of the steamer Cottage City on which he was engaged as quartermaster. The wreck occurred in the northern waters and Christiansen was transferred to another ship that could not be expected to arrive in port before March 2.

This court is committed to the rule that in all such cases there must be a show of diligence. The case had been once continued upon a like showing. No subpoena had been issued or served, nor is it made certain that Christiansen would have been willing to voluntarily follow the fortunes of the case. Therefore, in such cases, this and other courts have held that a show of diligence is best evidenced by putting, or attempting to put, a prospective witness under those restraints which have been provided by statute. To say that, if a prospective witness were present he would testify in a given way, or that he promised to be present and so testify, may not be enough to satisfy the law. It must be made to appear reasonably certain that he will be present, and appellate courts have been loath to interfere with the discretion of trial judges in denying continuances, when, after lapse of time, there is no showing that the aid of the court has been sought by the party. We find no abuse of discretion in this order of the court. *State v. Brooks*, 4 Wash. 328, 30 Pac. 147.

(2) It is urged that the court erred in excluding testimony showing the character of the wound inflicted. The vice of this ruling is alleged to lie in the fact that the state's attorney had, in making his opening statement, told the jury that the party assaulted had since died, thus conveying to the minds of the jury that he had died of the wound which defendant had inflicted. It is argued that this remark and the ruling of the court are enough to destroy the presumption of innocence and invite a verdict of guilty because the victim of the assault was dead. We find it impossible to follow counsel in this argument. The court, in words, twice

told the jury that the remark objected to should not be considered further than to account for the absence of the party as a witness. This, coupled with the fact that, under the charge the manner of death was an immaterial question, makes it reasonably certain that the jury was not misled to the prejudice of the defendant. Aside from this, we find that the attending physician described the wound so that defendant's contention in this behalf was probably covered in any event.

(3) The refusal of the court to hear evidence as to the actual cause of the death of the assaulted one was not error. This assignment is controlled by our discussion of assignment 2.

(4) The following question was put to a witness: "What sort of a man was Mr. Smith—a peaceable man? Answer: No." This was objected to, and the objection was sustained, but the answer was not stricken by the court. But assuming that it was so understood by the jury, it is said that the court erred in excluding evidence of the quarrelsome and insulting character of the party "who made the first assault." We assume that counsel directs this contention to the exclusion of the testimony just quoted, for several witnesses testified to the peaceable character of the defendant. But it will be seen that the grounds upon which counsel bases his contention are not tenable. "Who made the first assault" was a question for the jury under the evidence. But, upon principle, the exclusion of the testimony was not error. The opinion of the witness would not be competent evidence. The true fact might be entirely different, and the law, except in certain excepted instances not now necessary to be considered, has been settled upon the premise that the fact of character is best evidenced by proof of general reputation. The case of *People v. Kenyon*, 93 Mich. 19, 52 N. W. 1033, is relied on to sustain appellant's position. It was there held to be error to exclude evidence of the quarrelsome disposition of the prosecuting witness after the state had gone into the character and disposition of the defendant. But

reference to that case will show that the inquiry was directed to the prosecuting witness himself when under cross-examination. It has ever been the law that one who offers himself as a witness is bound to disclose his motive and disposition. But the rule which allows this inquiry on cross-examination is not inconsistent with, but is in harmony with the rule that, if others speak of the general character of a person, it must be by way of reputation. To hold otherwise would be to substitute the judgment of a witness for that of the jury.

(5) It is complained that the court erred in giving the *entire* instructions requested by the state. Three copies of the requested instructions were not filed with the clerk, nor a copy thereof served upon defendant's counsel, as required by rule 12 of the special rules adopted by the several judges sitting in King county for the guidance of their court. It is unnecessary to quote the rule in order to show the impossibility of giving it literal application, for we have heretofore held that cases will not be reversed because of nonobservance of some rule of court. In *Sylvester v. Olson*, 63 Wash. 285, 115 Pac. 175, we said:

"How far local rules of procedure are to be held binding is a question which has been variously decided by the courts of this country. 18 Ency. Plead. & Prac. 1269. But, generally speaking, it may be said that the observance of such rules lies within the discretion of the trial judge. We now recall but one case in our own reports where this question was considered. It was held, in *Washington Bank of Walla Walla v. Horn*, 24 Wash. 299, 64 Pac. 534, that a rule might 'for good reason' be suspended, implying that the reasons might rest in *gremio judicis*."

(6) The court refused to give any of the instructions requested by defendant, because, as the court held, under rule 12, they came too late. The reason assigned may not be tenable, for it would seem that a request for a proper instruction would be timely if made at any time before the court instructed the jury. But it is not contended that the instructions as given do not state the law of the case, and

unless the law is overlooked or misapplied to the disadvantage of the party, there can be no legal prejudice.

(7)     This assignment goes to the refusal of the court to grant a new trial for errors in law occurring at the trial; that the verdict is contrary to the law and evidence; and newly discovered evidence.     The first ground is covered by our former discussions, and the second by the rule that the weight of the evidence was for the jury.     Defendant discovered, a day or two after the trial, that one Myers might have known something of the crime charged.     Myers was then at Janesville, Wisconsin.     Counsel for defendant sent the following telegram:

"In case State against Captain O'Brien understand you can testify as follows:  Saw shooting.    Two men came out of the house about the same time.    The shots were fired while the larger man was prostrate.    If you can testify in substance as stated wire fully at once.    Answer paid."

He received the following reply:

"To Gen. Jas. B. Metcalf, Pacific Bldg., Seattle, Wash. Can swear substantially as asked but must send expense money also I have business here for at least a week."

Defendant says: "No diligence on affiant's part could have secured said evidence."    Aside from the fact that appellate courts will rarely overrule the discretion of the trial court in granting or denying a motion for a new trial made on the grounds of newly discovered evidence—for the showing in support of such motions must be measured by reference to the evidence alleged to be newly discovered, the evidence as disclosed on the trial, and the probable consequences of a new trial—we think no showing of diligence is disclosed by the supporting affidavits.    It is not enough to state that there was diligence.    Diligence is a fact and not a conclusion, and to show it, circumstances must be set forth that the court, rather than the party, can say that there was diligence.    In this case it is not even shown how or from whom the informa-

tion was obtained, so that an inference of diligence might be drawn.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., MORRIS, CROW, and ELLIS, JJ., concur.