[No. 12715.     Department One.     July 28, 1915.]

HJALMER LINDQUIST et al., Appellants, v. PACIFIC COAST COAL COMPANY, Respondent.[1]

NEW TRIAL—MISCONDUCT OF JURY—IMPEACHMENT OF VERDICT. It is proper to deny a new trial for misconduct of the jury in the jury room, shown by affidavits of two of the jurors who did not agree to the verdict, in that certain jurors gave improper reasons for their verdict, and that one of them was sick and agreed to the verdict for that reason, and that one had signaled to a woman in another office, where, so far as not contradicted, they were statements of facts which inhere in the verdict and could not be considered.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 15, 1915, upon the verdict of a jury rendered in favor of the defendant, in an action in tort. Affirmed.

S. A. Keenan, for appellants.

Farrell, Kane & Stratton and Stanley J. Padden, for respondent.

[1]Reported in 150 Pac. 619.

MOUNT, J.—This action was brought by the appellants to recover damages against the defendant. The case was tried to the court and a jury. The jury returned a verdict in favor of the defendant. Ten of the jurors agreed to the verdict and two did not agree thereto. Thereafter the two jurors who did not agree to the verdict filed affidavits stating in substance that, during the consideration of the case in the jury room, one of the jurors stated that the plaintiffs were not entitled to recover because they received no assistance from their father, because neither of them were present in court, and that the boys would not be paid any money. Further, the affidavits state that one of the jurors was an elderly lady who was sick, and by reason of her sickness, agreed to the verdict; that another juror stated that, when the case was tried upon a former occasion, the trial judge granted a nonsuit; and that one of the jurors signaled from the window of the jury room to a woman in another office.

Counter affidavits were filed, in substance denying the principal statements made in the plaintiffs' affidavits. The trial court denied the motion for a new trial, and entered a judgment in favor of the defendant for costs. This appeal is prosecuted from the judgment.

The only question raised is, that the trial court erred in not granting the motion for a new trial. The appellants argue that the affidavits of the jurors who did not agree to the verdict, reciting what occurred in the jury room, must be held to be misconduct of the jury. The trial court was either of the opinion that these affidavits had been successfully contradicted, or that they were not sufficient in law to authorize the granting of a new trial. The trial court might have taken either position. If new trials must be granted upon statements such as these, made in the manner these are made, few verdicts of juries could be sustained. We are satisfied that the statements which were not disputed by the affidavits of the other jurors

were statements of facts which inhered in the verdict, and could not be considered by the court. The statements not denied are of no force. There is no merit in the appeal.

The judgment is therefore affirmed.

MORRIS, C. J., PARKER, CHADWICK, and HOLCOMB, JJ., concur.