[No. 13262. Department Two. May 6, 1916.]

FLORENCE V. BROWN, *Appellant*, v. THE CITY OF WALLA WALLA, *Respondent*.[1]

NEW TRIAL—GROUNDS—MISCONDUCT OF JUROR. The denial of a new trial for misconduct of a juror is a proper exercise of the discretion of the trial court, where upon disputed facts, the evidence preponderates in favor of the ruling.

APPEAL—RECORD—REVIEW—ABSTRACTS. In the absence of an abstract of the evidence, the court will not examine a voluminous record to determine whether instructions complained of were erroneous as applied to the facts, where they correctly stated abstract principles of law.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 22, 1914, upon the verdict of a jury rendered in favor of the defendant, in an action in tort. Affirmed.

*Marvin Evans* and *F. A. Garrecht*, for appellant.

*J. P. Neal (Sharpstein, Pedigo, Smith & Sharpstein* and *John A. Laing,* of counsel), for respondent.

PARKER, J.—This is an action to recover damages for personal injuries, claimed by the plaintiff to have resulted to her from the negligence of the defendant city in failing to properly guard one of its streets while in the process of being improved. Trial in the superior court for Walla Walla county resulted in verdict and judgment in favor of the city, from which the plaintiff has appealed to this court.

It is first contended in appellant's behalf that she is en-

[1]Reported in 157 Pac. 30.

titled to a new trial because of the misconduct of a juror
during the trial and the deliberations of the jury. Viewing
this contention as having to do only with the questions of
fact as to whether or not the acts charged against the juror
were committed by him, we are of the opinion that the evi-
dence, consisting of affidavits and counter affidavits bearing
thereon submitted to the trial judge, warranted him in re-
garding such evidence as preponderating against the claims
of counsel for appellant as to misconduct on the part of the
juror. We are clearly of the opinion that the denial of ap-
pellant's motion for new trial, so far as this ground thereof
is concerned, was a proper exercise of the discretion vested
in the trial court.

Numerous errors are assigned upon the instructions given
to the jury by the court upon the trial of the case. As pre-
sented to us, these instructions involved little else than ab-
stract questions of law, that is, whether or not they are cor-
rect or erroneous when so viewed. Counsel for appellant
have not presented to us in their abstract of the record any
of the testimony touching the merits of the case, giving us
therein only the facts relating to the alleged misconduct of
the juror. In view of the fact that the evidence touching the
merits of the case covers some three hundred typewritten
pages, we do not feel called upon to examine it with a view
of ascertaining whether or not any of the instructions com-
plained of are erroneous as applied to this particular case.
We are of the opinion that the instructions complained of
state the law correctly, and pertain to questions apparently
within the issues as disclosed by the pleadings. This brief
disposal of counsel's contentions relating to the court's in-
structions is in keeping with the manner of presentation
thereof in their brief.

The judgment is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., con-
cur.