[No. 16813. Department One. April 8, 1922.]

FRED HENSLIN *et al., Respondents,* v. J. CARLTON PRATT *et al., Appellants.*[1]

NEW TRIAL (49)—MISCONDUCT OF JURORS—IMPEACHMENT—MATTERS INHERING IN VERDICT. The verdict of a jury cannot be impeached on motion for a new trial by affidavits of the jurors showing that they disagreed and were mistaken as to the testimony given by a certain witness in the case; since the fact inhered in the verdict.

MUNICIPAL CORPORATIONS (379, 390)—USE OF STREETS—MUTUAL RIGHTS AT CROSSINGS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE— QUESTION FOR JURY. The negligence of the defendant and the contributory negligence of plaintiff in a collision of automobiles at a street intersection, are for the jury, where it appears that plaintiff's stage had the right of way as the car first entering the intersection, and defendant's car was traveling at excessive speed, while the stage driver was going slower, and looked to the left before entering the intersection.

[1]Reported in 205 Pac. 867.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 14, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to an automobile sustained in a collision. Affirmed.

*Remann & Gordon,* for appellants.
*Ralph Woods,* for respondents.

BRIDGES, J.—This was a suit to recover on account of damages to an auto stage. Judgment was entered on the verdict for the plaintiffs, and the defendants have appealed.

The respondents were the owners of the stage, and the appellants were the owners of an automobile which was in the collision. The respondent Fred Henslin was driving the stage, and the appellant J. Carlton Pratt was driving the automobile. The collision occurred within the intersection of A street and Puyallup avenue, in the city of Tacoma. The automobile was going north on A street and the stage was going west on Puyallup avenue. The night of the accident was dark and rainy and the pavement was slippery. When the driver of the stage saw that a collision was imminent, he turned his car considerably to the right, and at the same time the driver of the automobile pulled his car over towards the left, so that the collision occurred at the northwest corner of the intersection. A man by the name of Harper was riding in the front seat of the automobile, and was called as a witness for the appellants. Among other things, he testified that, if the driver of the stage had veered to the left instead of to the right, the collision would have been avoided. In support of their motion for a new trial, the appellants presented the affidavits of two of the jurors to the effect that they did not hear Harper's

testimony in this respect. They also presented the affidavit of another juror to the effect that he understood that Harper had testified that, if the driver of the stage had veered to the left, the accident would have been avoided. All three of these jurors further stated that other members of the jury contended that Harper had testified that, if the driver of the automobile had turned more sharply to the left, the accident would not have happened, and that ultimately ten of the jury were thus persuaded to believe that Harper so testified, and that the verdict was rendered on the belief and assumption that Harper had so testified. The trial court refused to consider these affidavits, and denied the motion for new trial, and the appellants now claim that the court erred in this respect.

Practically all the courts hold that, if the facts or things described in the affidavits of jurors in support of the motion for a new trial inhere in the verdict, they will not be considered. The rule is plain, but the application of it to individual cases is more difficult.

In the case of *State v. Parker*, 25 Wash. 405, 65 Pac. 776, one of the jurors made an affidavit in support of a motion for new trial to the effect that another juror had announced in consultation that he knew the defendant well, and that he had been implicated in certain other criminal matters, and belonged to a gang of criminals. Held, that the affidavit should be considered, and that the alleged facts therein stated did not inhere in the verdict.

In the case of *Marvin v. Yates*, 26 Wash. 50, 66 Pac. 131, the court held that an affidavit of a juror which stated that the jury reached its verdict by a certain method of calculation would not be considered in support of a motion for a new trial, because the alleged misconduct inhered in the verdict, and the jurors could not be heard to impeach their verdict.

In *Ralton v. Sherwood Logging Co.,* 54 Wash. 254, 103 Pac. 28, it was held that, on a motion for new trial, the verdict of the jury cannot be impeached by affidavits of jurors showing that they arrived at their verdict by consideration of matters not in issue and withdrawn from them by the court.

In *State v. Lorenzy,* 59 Wash. 308, 109 Pac. 1064, Ann. Cas. 1912B 153, an affidavit of one of the jurors, made in support of a motion for a new trial, to the effect that another juror had claimed, during the deliberations, that he knew a certain place was a house of prostitution, should be considered by the court because it does not inhere in the verdict, the court saying that jurors cannot make themselves impeaching witnesses on questions of fact.

In the case of *Maryland Casualty Co. v. Seattle Electric Co.,* 75 Wash. 430, 134 Pac. 1097, it appeared that one of the jurors, without the consent of the court, had, during the trial, visited the place of accident, and during the deliberations of the jury gave them the advantage of the knowledge she had thus obtained. The court granted a new trial on this account.

In the case of *State v. Gay,* 82 Wash. 423, 144 Pac. 711, it was held that a new trial for misconduct of the jury would not be granted upon the affidavit of a juror that he and others did not believe in the guilt of the accused, but consented to a verdict of guilty under the belief that the court, upon the recommendation of the jury, would give the accused a short jail sentence. The court held that the facts recited in the affidavit inhered in the verdict, and said:

"But few verdicts are reached in which some juryman does not yield in some degree his opinions and convictions to the opinions and convictions of others. And when he does so, even in criminal cases, it is to

the interest of the public that he be not permitted thereafter to gainsay his act.''

In the case of *Lindquist v. Pacific Coast Coal Co.,* 86 Wash. 408, 150 Pac. 619, some of the jurors who did not concur in the verdict made affidavits in support of a motion for a new trial in which they stated that, during the consideration of the case, one of them advised the jury of certain facts concerning the parties to the action, which facts had not appeared in the testimony. Held, that the trial court properly denied a new trial because the facts inhered in the verdict.

In the case of *Wagoner v. Warn,* 88 Wash. 688, 153 Pac. 1072, it was held that an affidavit made by one of the jurors to the effect that a verdict was forced by other jurors holding out and refusing to concur recited facts inhering in the verdict and could not be considered.

In the case of *State v. Lyle,* 105 Wash. 435, 178 Pac. 468, a defendant, who was a druggist, was charged with an unlawful sale of intoxicating liquor, and one page of the register which he kept showing such sale was admitted in evidence, but the whole register was sent to the jury. There was an affidavit of some of the jurors in support of a motion for a new trial, to the effect that, in deliberating on their verdict, they read many pages of the register, and found many other sales by defendant, and that such influenced their verdict. It was held these affidavits could not be considered because they impeached the jury's verdict.

We have not undertaken to review all of our decisions on this question; the foregoing will show the general trend. It is our view that the trial court was right in refusing to consider the affidavits of the jurors in this case, for the reason that the facts recited in

them clearly inhere in the verdict. They do nothing more than show how the jury arrived at its verdict. It is not only the privilege, but the duty of the jury, when deliberating on its verdict, to review the evidence. It is common for jurors to disagree as to what the evidence shows in certain particulars. If affidavits such as are in this case will support a motion for new trial, then it seems manifest that relatively few verdicts would stand. This case does not come within the rule of those cases which hold that a new trial will be granted when it is shown that some of the jurors had brought before the jury alleged facts which were entirely extraneous from the evidence. What occurred here amounted to nothing more than certain jurors disputing as to what the testimony was. It may be true, as counsel for appellants assert, that the mistake of the jury in this particular instance was damaging to the appellants, but society and the business world are largely controlled by certain fixed rules of law, and it will not do to overturn such rules simply because isolated instances of injustice may result from their application.

The appellants further argue that their motion for judgment notwithstanding the verdict should have been granted because the evidence not only failed to show any negligence on their part, but, on the contrary, did show such negligence on the part of the driver of the stage as materially contributed to the damages sued for. There is an ordinance in the city of Tacoma which provides that the vehicle first within the intersection of streets has the right of way. There was some testimony on behalf of the plaintiffs that the stage came into the intersection in question ahead of appellants' car. If such were the fact, it was ordinarily the duty of the appellants to give the stage the

right of way. It is quite true that the respondents' testimony in this regard was contradictory, yet there was sufficient to require the case to be submitted to the jury. The testimony with reference to the speed of the appellants' car was meagre, yet there was some evidence tending to show that it was being driven at an unlawful speed when and after it entered the street intersection.

We are also satisfied from the reading of the testimony that the court properly submitted to the jury the question of negligence on the part of the driver of the stage. There was testimony from which the jury could have found that the stage was being driven much slower than the automobile; that it entered the intersection ahead of the automobile; that the automobile could have avoided the accident by turning west on Puyallup avenue instead of continuing north on A street, and that, when the stage entered the intersection, its driver looked to his left to see if there was any car coming from the south on A street. Such being the situation, the court was bound to submit the case to the jury.

Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.