[No. 20373.   Department One.   February 2, 1927.]

T. G. PEOPLES *et al., Appellants,* v. THE CITY OF
PUYALLUP, *Respondent.*[1]

[1] NEW TRIAL (35) — GROUNDS — NEWLY DISCOVERED EVIDENCE —
DILIGENCE IN PROCURING. It is error to grant a new trial for
newly discovered evidence on the mere allegation of diligence,
where there was nothing to show reasonable diligence, which
was negatived by the fact that the new evidence was discovered
within two days after the trial, and the witness lived within a
few blocks of the scene of the accident and was known to be
an eye witness by at least one witness who testified.

Appeal from an order of the superior court for
Pierce county, Chapman, J., entered June 7, 1926,
granting a new trial after a verdict in favor of the
plaintiffs, in an action for personal injuries. Reversed.

*Leo Teats* and *Ralph Teats,* for appellants.

*M. F. Porter,* for respondent.

FRENCH, J.—This case involves an appeal from an
order granting a new trial. The record shows the
following state of facts:

The appellants, Peoples and wife, brought an action
against the respondent, the city of Puyallup, for dam-
ages alleged to have been sustained by Mrs. Peoples
by reason of the failure of the city of Puyallup to
keep its sidewalks in proper repair and free from
obstructions. Trial was had in the lower court, and
numerous witnesses testified on both sides of the con-
troversy. The cause was submitted to a jury and a
verdict for plaintiffs resulted. Thereafter, a motion
for a new trial was made on all the statutory grounds
and the following order entered:

"Defendant's motion for a new trial and for judg-
ment notwithstanding the verdict having come on reg-

¹Reported in 252 Pac. 685.

ularly before the court for argument on Saturday, May 29th, 1926, the respective parties being represented by their respective attorneys, and the court being fully advised in the premises, it is therefore,

"Ordered, that the defendant's motion for judgment notwithstanding the verdict, be, and the same is hereby overruled, to which the defendant excepts and its exception is hereby allowed.

"It appearing to the court that the defendant's motion for a new trial on the fourth ground set forth in its motion, to-wit, 'Newly discovered evidence, material for the parties making the application, which it could not with reasonable diligence have discovered and produced at the trial,' is well taken, said motion for a new trial is therefore granted on the ground set forth in paragraph four of defendant's motion for a new trial, to which the plaintiffs except and their exception is hereby allowed."

[1] Appellants seriously urge that the granting of the new trial on the ground set forth in the order was erroneous, for the reason that there is no showing of reasonable diligence. The statute relative to new trials, Rem. Comp. Stat., § 399 [P. C. § 8225], provides in subd. 4 as one of the grounds for a new trial:

"Newly discovered evidence, material for the party making the application which it could not with reasonable diligence have discovered and produced at the trial."

"We think no showing of diligence is disclosed by the supporting affidavits. It is not enough to state that there was diligence. Diligence is a fact and not a conclusion, and to show it, circumstances must be set forth that the court, rather than the party can say there was diligence." *State v. O'Brien,* 66 Wash. 219, 119 Pac. 609.

We are content to follow the rule there announced which has been followed in numerous cases heretofore decided by this court. Applying the rule to the facts in the instant case, we have searched the record and

can find nothing therein which shows diligence on the part of respondent. No facts are set forth either by affidavit or otherwise from which the court can determine that any effort whatsoever was made on behalf of the respondent which would have disclosed the newly discovered evidence prior to the time of trial. The fact that the new evidence was discovered within two days after the time of trial, and that the witness lived within a few blocks of the scene of the accident, coupled with the additional fact that at least one witness who testified for the respondent in the lower court knew of the existence of this eye witness to the accident, negatives the idea of reasonable diligence.

The judgment is therefore reversed, with directions to the lower court to enter judgment on the verdict.

MACKINTOSH, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.