[No. 22700. Department Two. February 21, 1931.]

JOHN A. O'BRIEN *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, E. I. Jones,* and *George McGilli-vray,* for appellant.

*T. M. Royce* and *J. H. Templeton,* for respondents.

BEALS, J.—Plaintiff Emily Hattie O'Brien was injured as the result of a fall sustained upon alighting from a street car owned and operated by defendant. Plaintiffs filed with the city their verified claim for damages on account of the injuries suffered by Mrs. O'Brien, and, upon rejection of their claim, instituted this action. On the issues being made up, the cause was tried to a jury, which returned a verdict in favor of the defendant. Plaintiffs seasonably moved for a new trial, assigning all the statutory grounds therefor, which motion was by the trial court granted upon the two grounds, as set forth in the order, of accident and surprise and newly discovered evidence material to plaintiffs' cause of action. From the order granting a new trial, defendant appeals.

[1]Reported in 296 Pac. 152.

Mrs. O'Brien testified that, on the day she was injured, she was a passenger on one of the one-man cars operated by appellant on the Bellevue-Summit line; that, as she was leaving the car at the intersection of Summit avenue and East Olive street, and while she was in the act of stepping from the car to the pavement, the car started with a violent jerk, throwing her to the ground, and inflicting upon her the injuries complained of. Upon the trial, the motorman in charge of the car testified that the opening and closing of the door upon his car was controlled by the compressed air system, which also operated the brakes, that the car door could not be opened until the car had stopped, and that the car could not be started while the door remained open. In support of their motion for a new trial, respondents filed the affidavits of two former employees of the municipal street railway department of appellant city, in which it was stated that the doors of cars of the type upon which Mrs. O'Brien was riding, could be opened while the car was in motion, and that the car could be started while the door was still standing ajar. Appellant filed counter-affidavits denying these statements, all of which were considered by the court.

We are of the opinion that no accident or surprise, within the meaning of the statute providing for the granting of new trials, was shown by respondents. We cannot, however, hold upon the record before us that the order of the trial court granting a new trial upon the ground of newly discovered evidence, constitutes such an abuse of discretion on the part of the trial court as calls for a reversal. Under the decisions of this court in the cases of *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166, and *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027, the discretion of the trial court was invoked by the affidavits submitted, and it

is, of course, true that the exercise of that discretion will not be disturbed, except in cases where it clearly appears that the same was abused.

Appellant cites many cases in which this court refused to reverse the action of the superior court in denying motions for new trials. These cases were properly decided, but are not in point here, as the decisions simply follow the well recognized rule that the very large discretionary power vested in trial courts in passing upon motions for new trials, will be reviewed only when it appears that such discretion was abused, or when, as in the case of *Brown v. Walla Walla, supra,* the trial court failed or refused to exercise its discretion. In the case at bar, appellant seeks to reverse an order granting a new trial which, at least in so far as the same was granted upon the ground of newly discovered evidence, embodies a ruling peculiarly within the discretion of the trial court.

Appellant also relies upon the case of *Peoples v. Puyallup,* 142 Wash. 247, 252 Pac. 685, in which this court reversed an order of the trial court granting a new trial upon the ground of newly discovered evidence. In this case, the same situation was presented as is now before us, and this court, quoting from the opinion in the case of *State v. O'Brien,* 66 Wash. 219, 119 Pac. 609, held that the record contained no showing of diligence on the part of the respondent, and that, on the contrary, the record negatived the idea that reasonable diligence had been exercised. In the case of *State v. O'Brien,* relied upon in the case last cited, this court affirmed the action of the trial court in denying a motion for new trial. In the course of its opinion in the *O'Brien* case, this court said:

"Aside from the fact that appellate courts will rarely overrule the discretion of the trial court in granting or denying a motion for a new trial made on

the grounds of newly discovered evidence—for the showing in support of such motions must be measured by reference to the evidence alleged to be newly discovered, the evidence as disclosed on the trial, and the probable consequences of a new trial—we think no showing of diligence is disclosed by the supporting affidavits.''

We, cannot say, as was said in the opinion in the case of *Peoples v. Puyallup, supra,* that the record before us contains no showing of diligence on the part of respondents, or that the trial court wrongfully exercised its discretion in granting respondent's motion for a new trial. If we were required to pass upon the question in the first instance, we might arrive at a different conclusion from that reached by the trial court, but the questions now presented are not to be considered from that viewpoint.

Judgment affirmed.

TOLMAN, C. J., MILLARD, BEELER, and FULLERTON, JJ., concur.