[No. 30743.   Department One.   May 16, 1949.]

GERDA NELSON, *Personally and as Guardian ad Litem of William Nelson, Respondent,* v. NICK PLACANICA *et al., Appellants.*[1]

[1]Reported in 206 P. (2d) 296.

*McClure & McClure, Padden & Moriarty,* and *Ivan Merrick, Jr.,* for appellants.

*Reischling & Lurie,* for respondent.

MALLERY, J.—This is an action for personal injuries arising out of an accident on September 6, 1946, when the defendant Zora Placanica drove her car into five-year-old William Nelson on 17th avenue south in the city of Seattle at about 11:45 a. m. on a clear day.

The jury returned a verdict for the plaintiffs in the sum of $27,603.10. The defendants made a motion for a new trial. The court denied it. They appeal and make the denial their sole assignment of error. They contend that the jury was biased and guilty of misconduct; that the verdict itself shows passion and prejudice; and that newly discovered evidence requires a new trial.

No questions of fact, other than the extent of the injuries, are raised on appeal, and hence they need not be detailed here.

As to the amount of the verdict, the appellants state: "We do not seek a reduction of the verdict. We seek a new trial."

As to the injuries of William Nelson, the evidence shows that he was five years of age and normal; that the

collision rendered him unconscious and that he remained so in the hospital for a week; that he suffered a fracture of the skull, and showed symptoms later of spastic paralysis which, while it might improve, could never be cured. We are not prepared to hold that the trial court abused its discretion in not finding that the verdict itself showed manifest passion and prejudice.

It serves no useful purpose to discuss cases where larger or smaller verdicts have been held to be so excessive as to justify the granting of a new trial, because results must be determined by weighing the facts and circumstances of each particular case. Some cases where motions for new trial based on excessive damages have been denied are: *Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 398, 167 Pac. 1078; *Sherrill v. Olympic Ice Cream Co.*, 135 Wash. 99, 237 Pac. 14; *Rooker v. Alaska S. S. Co.*, 185 Wash. 71, 88, 53 P. (2d) 295, certiorari denied 299 U. S. 552, 81 L. Ed. 406, 57 S. Ct. 14; *Pryor v. Safeway Stores*, 196 Wash. 382, 389, 83 P. (2d) 241, 85 P. (2d) 1045; *McClintock v. Allen*, 30 Wn. (2d) 272, 191 P. (2d) 679; *Atkins v. Churchill*, 30 Wn. (2d) 859, 876, 194 P. (2d) 364.

As to the newly discovered evidence, we quote appellants' contention in its entirety:

"The testimony of Mr. De Lorie is material evidence which the jury should have.

"We ask the court to read Mr. De Lorie's affidavit. He is a responsible citizen—an eyewitness to the collision—*who corroborates Mrs. Placanica's testimony*. It is material. It would have an important effect on the conclusion of this case. Mr. Seijas' affidavit explains his absence. We feel that in view of all the facts in this case, it constitutes newly discovered evidence, and would have a bearing on the ultimate result.

"It is important, in the interest of justice, that all, and particularly disinterested, testimony be heard." (Italics ours.)

It appears that six days before the trial the witness made a business trip East. This was known to counsel before trial, and no motion for a continuance was made.

■ To justify granting a new trial on the ground of newly discovered evidence, the following requirements must be satisfied: (1) The new evidence will probably change the result if a new trial is granted. *Hardman Estate v. McNair*, 61 Wash. 74, 78, 111 Pac. 1059, 1061; *Eyak River Packing Co. v. Huglen*, 143 Wash. 229, 241, 255 Pac. 123, 128, 257 Pac. 638; *Quackenbush v. Slate*, 12 Wn. (2d) 201, 211, 121 P. (2d) 331, 334. (2) It must have been discovered since the trial. (3) It could not have been discovered before the trial by the exercise of diligence. *Peoples v. Puyallup*, 142 Wash. 247, 252 Pac. 685; *O'Brien v. Seattle*, 161 Wash. 25, 27, 296 Pac. 152, 153; *Libbee v. Handy*, 163 Wash. 410, 416, 1 P. (2d) 312, 315; *Ulbright v. Hageman*, 181 Wash. 706, 708, 44 P. (2d) 196, 197. (4) It is material to the issue. *Ulbright v. Hageman, supra.* (5) It is not merely cumulative. *Hardman Estate v. McNair, supra*; *Libbee v. Hardy, supra;* or impeaching. *Harvey v. Ivory*, 35 Wash. 397, 401, 77 Pac. 725, 726; *Seattle Lbr. Co. v. Sweeney*, 43 Wash. 1, 5, 85 Pac. 677, 679; *Armstrong v. Yakima Hotel Co.*, 75 Wash. 477, 482, 135 Pac. 233, 235; *Pylate v. Hadman,* 151 Wash. 245, 249, 275 Pac. 559, 560.

This rule is well established, and all the elements of it are reiterated in the following cases: *Libbee v. Handy, supra*; *Smith v. Kneisley*, 175 Wash. 29, 32, 26 P. (2d) 387, 388; *Morrow v. Morrow*, 179 Wash. 329, 331, 37 P. (2d) 692, 693; *Chadwick v. Ek*, 5 Wn. (2d) 554, 556, 106 P. (2d) 104, 105; *Fritz v. Horsfall*, 24 Wn. (2d) 14, 42, 163 P. (2d) 148, 163; *Mitchell v. Mitchell*, 24 Wn. (2d) 701, 705, 166 P. (2d) 938, 940; 20 R.C.L. 290, New Trial § 72; 39 Am. Jur. 165, New Trial § 158.

Appellants' contention that the trial court abused its discretion in denying the motion for new trial on the ground of newly discovered evidence is without merit, since, instead of meeting all of the requirements, it meets but one, *viz.*, materiality.

■ Appellants support their contention as to the bias and misconduct of the jury by a series of affidavits. In one affidavit, it appears that, after the election of the foreman and the reading of instructions, over the protest of a juror

who desired to discuss the matter, a vote was taken upon the question of liability. We find nothing prejudicial in this. It does not appear that this juror was prohibited from discussing it *after* the vote. The purpose of deliberating is to help jurors reconcile individual differences of opinion so that a common verdict may be reached. A ballot seems to be an appropriate method of ascertaining whether or not there are differences that need reconciling. See *Hamilton v. Snyder*, 182 Wash. 688, 692, 48 P. (2d) 245.

■ In another affidavit it appears that, on the following day, while the jurors were in the presiding judge's department, one juror expressed his dissatisfaction with the verdict to another juror and was told by the other juror not to worry because he had heard that Mr. Placanica was a big gambler and could easily afford to pay. Because the affidavit does not say otherwise, we infer that the juror heard of the hearsay statement about Placanica after the verdict was rendered, in which case, of course, it could not have affected the verdict.

With respect to the weight to be given affidavits relating the hearsay statements of a juror, see *Maryland Cas. Co. v. Seattle Electric Co.*, 75 Wash. 430, 436, 134 Pac. 1097; *Johnson v. Smith*, 118 Wash. 146, 151, 203 Pac. 56; *Lindsey v. Elkins*, 154 Wash. 588, 615, 283 Pac. 447; *Aliverti v. Walla Walla*, 162 Wash. 487, 495, 298 Pac. 698; *Herndon v. Seattle*, 11 Wn. (2d) 88, 106, 118 P. (2d) 421.

■ In another affidavit, it appears that one juror remarked to another juror in the jury washroom that he couldn't quite figure out where the accident happened. The other juror responded that it didn't make any difference what street it was on, because she, Mrs. Placanica, was wrong. We have been cited to no case which overturns a verdict of a jury on the basis of such a statement, and we think it does not justify a new trial.

■ It appears in an affidavit that one juror said: "Look how Mrs. Placanica is dressed. They have lots of money." While such a remark is not to be commended, it was not misconduct which would warrant a new trial. See 8 Wigmore on Evidence (3d. ed.), § 2345 *et seq.*, especially

§§ 2349 (a) and 2352; 5 Jones' Commentaries on Evidence (2d ed.), § 2211, Petit Jurors, Impeachment of Verdicts Generally; 1 Greenleaf on Evidence, 16th (Wigmore's) Ed., § 252(a); American Law Institute's Model Code of Evidence, Rule 301; Shaw, C. J., in *Cook v. Castner*, 63 Mass. (9 Cush.) 266, 278; Rem. Rev. Stat. § 399 (2) [P.P.C. § 78-3]; 4 Wash. L. Rev. 78; *Marvin v. Yates*, 26 Wash. 50, 60, 66 Pac. 131; *Ralton v. Sherwood Logging Co.*, 54 Wash. 254, 256, 103 Pac. 28; *Maryland Cas. Co. v. Seattle Electric Co.*, *supra*; *Henslin v. Pratt*, 119 Wash. 443, 445, 205 Pac. 867. *Dibley v. Peters*, 200 Wash. 100, 109, 93 P. (2d) 720; 27 R. C. L. 896 (8 Perm. Supp. 6005).

■ The same juror, while at lunch the day following the trial, expressed her prejudice against Italians. She spoke of them as having been associates of Al Capone in Chicago, and that the whole bunch of them were there until Capone was arrested and sent to jail.

In *Mathisen v. Norton*, 187 Wash. 240, 60 P. (2d) 1, where the trial court in the exercise of its discretion granted a new trial because of the misconduct of a juror, it appears that, on his *voir dire* examination, the question was asked, "Do you have any prejudice against police officers?" to which the answer was, "No, sir." To the question, "Would you accord to their testimony the same weight that you would to a person in any other position or profession?" the answer was, "Yes, sir."

The appellant had a right to believe that the juror was not prejudiced against police officers. However, after the trial it appeared that the juror made a very defamatory statement about the police officers in question, and this court, in holding that the trial court had not abused its discretion in granting a new trial, said:

"The record shows that the juror failed to disclose the fact of bias upon his examination *voir dire*. Evidence of such fact being thereafter adduced, the court was entitled to find therefrom that the juror had been guilty of misconduct."

This is in accord with the general rule, that when there is strong evidence to the effect that a juror was biased *when*

*he entered upon the case* and swore falsely on *voir dire,* concealing his bias, the trial court will not abuse its discretion in granting a motion for new trial. The misconduct consists of his deception of the court and counsel as to his incompetence as an impartial juror. *Semble:  Heasley v. Nichols,* 38 Wash. 485, 80 Pac. 769; *Alexson v. Pierce County,* 186 Wash. 188, 57 P. (2d) 318; *Mathisen v. Norton, supra.*

However, in the instant case no claim is made that the juror in question answered falsely any question on her *voir dire* examination or misled anyone in a way to constitute misconduct.

■ The same juror, during the course of the jury's deliberation, made a statement that the defendant Nick Placanica was one of the big gamblers in town. Such a statement is certainly not to be commended. The question of the effect that this may have had upon the minds of the jurors lies in the realm of speculation. In any event, it is to be answered by the sound discretion of the trial court. *Wagoner v. Warn,* 88 Wash. 688, 691, 153 Pac. 1072; *Brown v. Walla Walla,* 91 Wash. 116, 117, 157 Pac. 30; *Carlisle v. Hargreaves,* 112 Wash. 383, 388-90, 192 Pac. 894; *Kellerher v. Porter,* 29 Wn. (2d) 650, 663-64, 189 P. (2d) 223.

The judgment is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.

---

June 18, 1949.  Petition for rehearing denied.