[No. 32705.   Department Two.   June 17, 1954.]

SEATTLE FLOWER & BULB CO., INC., *Appellant,* v. E. S. BURGAN
& SONS, INC., *Respondent.*[1]

*Kelley, O'Sullivan & Myers,* for appellant.

*Brown & Thayer,* for respondent.

PER CURIAM.—This action involves the sale of seventy-five cases of tulip bulbs. Appellant, a wholesaler, contends that the sale was absolute. Respondent, the operator of a chain of retail stores, alleges that appellant guaranteed the resale of the bulbs, with the provision that any unsold bulbs would be taken back or otherwise disposed of, and credit given therefor.

The parties have adverse versions of the events and circumstances of the transaction and conflicting interpretations of the agreement.

The trial court believed respondent's witnesses and accepted its theory of the transaction.

On this appeal we are asked to find that the evidence preponderates against the findings of fact and conclusions of law entered by the trial court. We have reviewed the record.

[1]Reported in 271 P. (2d) 704.

Our disposition of the issue raised is governed by what was said in *In re Dand's Estate,* 41 Wn. (2d) 158, 162, 247 P. (2d) 1016 (1952):

"The record is replete with detailed evidence, inconsistent and conflicting upon most material issues. It would add nothing to the case authority of this jurisdiction to discuss it at length. . . .

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. Two different theories were presented. The trial court rejected one and accepted the other. After an examination of the record, we cannot say that the evidence preponderates against the findings."

■ It is urged that evidence of trade custom and usage was improperly excluded. The record reveals that the excluded evidence did not relate to general trade, but related only to appellant's sales practice. There is no showing that this custom was so universally observed that respondent should be presumed to have had it in mind and consequently to have contracted in reference to it. *Washington Brick, Lime & Sewer Pipe Co. v. Anderson,* 176 Wash. 416, 421, 29 P. (2d) 690 (1934).

The record does not disclose that the trial court abused its discretion when it denied a motion for a new trial based on the grounds of newly discovered evidence. *Rettinger v. Bresnahan,* 42 Wn. (2d) 631, 634, 257 P. (2d) 633 (1953). The affidavit in support of the motion does not fulfill the requirements announced in *Nelson v. Placanica,* 33 Wn. (2d) 523, 526, 206 P. (2d) 296 (1949).

The record supports the trial court's finding that the bulbs were seasonably and properly returned to appellant.

The judgment is affirmed.