[No. 37544. Department One. June 24, 1965.]

DUANE EMERY, *Respondent*, v. WENDELL BROWN AGENCY, INC., *Appellant*.*

*Leavy & Taber*, by *James Leavy*, for appellant.

*Peterson, Taylor & Day*, by *Stanley D. Taylor*, for respondent.

PER CURIAM— There is sufficient evidence in the record to support the jury's verdict in this case that there was a course of conduct between the parties such that appellant was obligated to notify the respondent of the expiration of the latter's automobile insurance. This court will not substitute its judgment for that of the jury where

*Reported in 403 P.2d 671.

there is substantial evidence to support the verdict. *Kasey v. Suburban Gas Heat of Kennewick, Inc.*, 60 Wn.2d 468, 374 P.2d 549 (1962).

Nor can it be successfully contended that the erroneous testimony of the bank president would have altered the outcome in any way. The testimony of appellant's agent, Richard D. Brown, rather than that of the bank president, established the course of conduct already referred to. One of the requirements to justify the granting of a new trial because of newly discovered evidence is that the new evidence will probably change the result, if a new trial is granted. *Nelson v. Placanica*, 33 Wn.2d 523, 206 P.2d 296 (1949). We are not convinced that this requirement has been met here.

Judgment affirmed.