[No. 21699. Department Two. July 18, 1929.]

GEORGE W. HILL, as *Guardian of the Estate of Rose Scheer, Respondent,* v. JOHN SCHEER, *Appellant.*[1]

*Oliver Hulback* and *F. R. Burch,* for appellant.

*Clarence L. Gere* and *Rice & Stimson,* for respondent.

FRENCH, J.—John Scheer and Rose Scheer were formerly husband and wife. In June, 1921, they were divorced by the superior court for King county. At that time the community property consisted of the entire capital stock of the Scheer Oven Company. This company owned a certain patent or patents having to do with the construction of ovens, and the company was in the business of building these ovens for various baking establishments in western Washington. At the time of the granting of the divorce, the capital

[1]Reported in 279 Pac. 391.

stock of this corporation was divided equally between the parties. Appellant retained the management of the business affairs of the corporation, and there seems to have been some litigation and a good deal of bickering and quarreling between the parties touching the division of the profits. The parties finally got together, and after considerable discussion, appellant, John Scheer, wrote out and delivered to Rose Scheer the following memorandum:

"AGREEMENT.

"John Scheer and Rose Scheer agree as follows:

"John Scheer having bought a lot and house and furniture for same, as selected by Rose Scheer, agrees to pay for same, and when fully paid up agrees to give to Rose Scheer a clear title to house and said furniture, and said property to become the sole property of Rose Scheer.

"John Scheer further agrees to pay to Rose Scheer, in addition to said property the sum of forty dollars ($40) each and every month as long as she needs it for her support.

"Signed this 13th day of October, 1925.

"(Signature) JOHN SCHEER."

It seems that the house and furniture had been purchased prior to the actual execution of this agreement. Rose Scheer was then occupying and using the same, and continued to occupy this house, and the payments were made thereon and the forty dollars per month provided for in the agreement was promptly paid until some time in September, 1927, at which time Rose Scheer became mentally incompetent, was so adjudged and committed to the state hospital. John Scheer, the appellant, then forcibly took possession of the real property, and has ever since been personally occupying it except for a few months when he rented it for forty dollars per month. Since that time, he has refused to pay the forty dollars per month provided for in the agreement for her support, and this action was

commenced by George W. Hill, as guardian of the estate of Rose Scheer. From a judgment awarding the plaintiff forty dollars per month for the use and occupancy of the premises and the personal property during the time the defendant has been occupying the same, and for recovery of $533.60 for back payments due, and requiring the defendant to continue to pay forty dollars per month, this appeal is taken.

Appellant's first assignment of error is upon the failure of the court to grant a nonsuit at the end of the plaintiff's case. No application was made therefor. Appellant voluntarily submitted a considerable portion of his testimony before asking for a nonsuit. There is, therefore, no merit in the contention.

The next assignment of error goes to the findings of fact made by the trial court and those refused.

A careful reading of the statement of facts and an examination of the exhibits convinces us that the findings are abundantly supported by the testimony. In fact, there is practically no dispute in the testimony of the various witnesses, and the evidence greatly preponderates in favor of the findings made.

The next assignment made has to do with the admission and rejection of testimony offered. It must be remembered that, at the time of the trial, Rose Scheer was mentally incompetent, and certain testimony was objected to and refused under the provisions of Rem. Comp. Stat., § 1211. The written instrument in question in this case was prepared by the appellant. It was signed by him in the office of a Mr. Chambers, a lawyer in Seattle. In the pleadings defendant specifically denied not only the execution and delivery of the written agreement, but also specifically denied that any money or property had been furnished pursuant thereto. Mr. Chambers was called as a witness for respondent, and testified that the document had been

signed in his office in the presence of respondent, appellant and certain others. Appellant, on the stand, was asked concerning his version of the transaction. Among other things, he was asked as to what happened to the paper in question, and he testified that Mr. Chambers picked it up and passed his opinion on it. He was then asked: "Q. Then what did he do? Did you get it back?" To this question an objection was sustained. After some other and further questions and some argument between court and counsel, the court's position was stated as follows:

"I think you should confine yourself solely to what Mr. Chambers testified to as to the conversation between the parties at the time."

As we read the record in this case, the court indicated a willingness to permit Mr. Scheer to testify fully as to his conversations with Mr. Chambers, and particularly indicated that, if Mr. Scheer cared to categorically deny any of the statements made by Mr. Chambers, he would be permitted to do so. This the witness failed to do. The questions, as framed, necessarily called for answers involving transactions with one now mentally incompetent. The objections thereto were properly sustained under numerous holdings of this court. Beginning with the case of *O'Connor v. Slatter*, 48 Wash. 493, 93 Pac. 1078, this court has uniformly held that:

"Where death has sealed the lips of one of the parties the statute imposes the same silence on the other. The prohibition of the statute is absolute and unconditional. It admits of no qualifications or exceptions, and it is not the province of the court to add to it or take from it."

It being admitted that Rose Scheer is still mentally incompetent, of course the same prohibition would apply in this case.

The only other assignment of error relates to the conclusions of law and the judgment, but they are abundantly supported by the findings.

Judgment affirmed.

MILLARD, BEALS, MAIN, and PARKER, JJ., concur.