[No. 22895. Department One. July 15, 1931.]

HARRY LIBBEE, *by Loren A. Libbee, Guardian ad Litem, Appellant,* v. OSCAR HANDY *et al., Respondents.*[1]

[1]Reported in 1 P. (2d) 312.

*Riddell, Brackett & Fowler,* for appellant.
*Pearson & Potts,* for respondents.

HOLCOMB, J.—This action for damages resulting from an automobile accident is prosecuted by appellant through his father as guardian *ad litem.* Appellant, at the time of the injury complained of, which occurred January 4, 1929, at seven o'clock in the evening, was seven years of age. The negligence alleged on the part of respondent was that he failed to operate his automobile in a careful and prudent manner, in direct violation of the laws of the state and of the ordinances of Seattle, in that he operated and drove his automobile at the time and place of the accident at a rate of speed in excess of that permitted by ordinance; that respondent was further careless and negligent, in that he did not allow appellant to have the right of way over his automobile, in violation of ordinance; and that he was further careless and negligent, in that he saw, or by the exercise of ordinary care should have seen, appellant as he was crossing the street, but, notwithstanding this, he carelessly and negligently operated his car in such a manner as to cause it to run into,

upon and against appellant, seriously and permanently injuring him. The city ordinances were pleaded by number.

Respondent, by answer, denied the allegations of negligence and of damage by any act or omission of respondent, and at first affirmatively pleaded that any injury sustained by appellant at that time and place was caused through no fault, neglect or carelessness of respondent, but wholly through the fault, negligence or carelessness of appellant himself contributing thereto.

At the trial, while testimony was being introduced, in the presence of the jury, counsel for respondent withdrew the affirmative allegation of the contributory negligence of appellant because of his tender years. There was thus no issue of contributory negligence. The only issue was as to the negligence of respondent in the matters and things pleaded by appellant.

The verdict of the jury was for respondent.

Motion for a new trial was thereupon made upon six statutory grounds, among others, errors of law occurring at the trial and duly objected to, and newly discovered evidence "material for the plaintiff, which he could not with reasonable diligence have discovered and produced at the trial."

The motion for a new trial, having been submitted, was denied by the lower court in a general order.

Appellant in his brief states the material points of dispute, in substance, to be (1) as to the point of collision; (2) as to whether a certain other car stopped at the intersection to let the little boy go by on the proper space for pedestrians to cross the street.

According to the case made by respondent, which, as shown by the verdict of the jury, was believed by it, the following were the facts resolved in his favor:

Respondent, then an unmarried man, was driving slowly in a small cabriolet car along Tenth avenue N. E., and had just crossed east Sixty-sixth street, with his sister, intending to stop and let his sister out to go to a theater across the street. Respondent was driving about fifteen miles an hour about three feet from some cars parked on that side of the street, slowing down for the purpose stated, when the little boy, whom he had not seen at all, but who evidently ran out from behind one of two cars parked on Tenth avenue, ran into the side of respondent's car, was struck and fell to the pavement. Appellant's parents had parked their car on the west side of Tenth avenue N. E., south of Sixty-fifth street. Their children and another boy were going to a theater located on the other side of the street.

Respondent and his sister testified that respondent's car had gone a distance of about thirty or thirty-five feet south of the property line, identifying the edge of the property line by a telephone pole in the margin of it, when respondent felt his car strike something, which he at first thought was a dog, as he had not seen the boy at all. When the boy was struck, he saw something red on the cap he wore flash into the air and he stopped immediately within less than the length of his car. Another disinterested witness testified, evidently by merely estimating, that it was about fifty or fifty-five feet from the south property line where the boy was picked up. Respondent also testified that he passed no other car in the intersection, and that he saw no car stop at the intersection to let the little boy pass on the pedestrians' right of way. This was corroborated by his sister. It will thus be seen that the evidence was conflicting as to the precise place where the accident occurred, which made it a question for the jury.

■ The first complaint of error urged by appellant is in the striking of certain testimony given by the mother of appellant while testifying. She testified that respondent told her immediately after the accident that it was his first experience in hitting anyone, that he was sorry and would do everything in his power, and all she would have to do would be to give Buddy (the boy) the best of care and turn it over to his company and they would take care of it. Counsel for respondent objected to the last portion of the testimony, and, in the absence of the jury, the matter was discussed to the trial judge, at which time it was brought to his attention that a previous trial had been commenced, during which the father of appellant had stated that respondent told him he was insured. A mistrial was thereupon ordered by the trial judge at that time. The jury were then brought in and the court instructed that

". . . the last remark of the witness was not material in the case, the remark to the effect that respondent would do everything he could for the little boy. They would take care of him. That remark was not material and if you consider it or any word in it, the last remark, then you are simply considering something that is not in the case and being influenced by something that is not proper and not according to these people a fair trial."

The trial judge also observed that the statement that good care would be given was no admission against interest by respondent, which is correct.

The record shows that appellant did not except to these remarks of the trial court, or move to instruct the jury to disregard them. Appellant does not claim that the evidence excluded had any evidentiary value, and we cannot conceive that the admonition to the jury by the trial judge could possibly prejudice the jury against appellant. We see no error in it.

The next complaint is that the court erred in allowing the sister of respondent to testify after remaining in the court room part of the time when the witnesses were under an order of exclusion. This witness testified, while under oath, that she was not in the court room during the taking of any part of the testimony; that she had merely been in there at the time the father of appellant took the witness stand, under a mistake of counsel for respondent that she was the wife of respondent, who had been married after the accident, and was not a witness and not under the rule of exclusion. The court evidently believed the statement of this witness that she left the court room when the father began to testify and was not present during the taking of any testimony up to the time of her testifying, and allowed her to testify. We can see no manifest abuse of discretion in so doing.

Rejection of a requested instruction is complained of, to the effect that the conduct of a child of tender years is not to be judged by the same rule governing that of adults, in that, to entitle an adult to recover damages for an injury from the fault or negligence of another, he must himself have been free from negligence and fault; but that rule will not prevent a recovery by a child of tender years unless it is possessed of that degree of intelligence, prudence and caution which will cause it to know, appreciate and understand the dangers incident to itself from its wrongful acts or omissions.

This was an instruction as to contributory negligence. The issue of contributory negligence, because of the tender years of appellant, had been withdrawn in the presence of the jury. The only issue properly submissible to the jury on either the law or the facts was whether or not respondent was negligent as alleged. The requested instruction was therefore prop-

erly rejected, as was also a requested instruction that the affirmative defense of negligence had been withdrawn. That had been done in the presence of the jury.

■ Error is also assigned in charging the jury as follows:

"While the driver of an automobile across intersections where there are no traffic signals is charged with notice that a pedestrian has the right-of-way, and is required to observe reasonable care to accord such to the pedestrians, yet as between intersections the automobile has the right of way and the driver has a right to assume that pedestrians will observe this rule. He is not required to anticipate that a pedestrian will step from the sidewalk and attempt to cross a street between intersections, and a mere failure to anticipate such act upon the part of a pedestrian would not be negligence in a driver unless the driver saw, or in the exercise of reasonable caution, should see a pedestrian attempting to cross between intersections in time to avoid a collision."

Appellant complains of that part reading:

". . . yet as between intersections the automobile has the right of way and the driver has a right to assume that pedestrians will observe this rule."

We see no fault in this instruction in its entire context. Pedestrians certainly have the right of way at street intersections, where the driver must look out for them, but between intersections pedestrians are not so apt to be expected, especially to step out from behind parked cars. This instruction had a direct bearing upon the negligence of respondent at the place where he contended the accident occurred, and correctly stated the law as to his duty.

We discover no reversible error in the trial.

■ Present counsel for appellant took no part in the trial of the case, having been substituted for the trial attorneys afterward, and after the motion for a

new trial had been denied. After this appeal had been taken, conceding that the trial court was without jurisdiction to proceed further therein until the appeal had been disposed of in this court, appellant petitioned this court for permission to present a petition to the superior court having jurisdiction of the cause, for an order vacating the final judgment below and for a new trial. In affidavits supporting the petition, it is set up that, after the verdict and judgment below were entered in favor of respondent and within one year since the rendition thereof, appellant has discovered new evidence material to his cause of action which he could not with reasonable diligence have discovered and produced at the trial.

The alleged new evidence is set forth in detail by affidavits, and consists of what is said to be the testimony of one Elmer E. Smith, and an affidavit by Smith himself as to what he would testify to if produced as a witness at a trial of this cause. The affidavits show that Smith would testify substantially to precisely the same facts as were testified to by the mother, father and young brother of appellant. It is also disclosed by his affidavit that, about three days after the accident, he called at the home of appellant's parents, advised them that he was going to California, expected to be in San Francisco, and advised them of his new address. He further deposed that thereafter he went to San Francisco and wrote and advised the Libbees of his temporary address.

By the record in this case, and by an uncontroverted counter-affidavit more in detail, it is shown that this case was brought on for trial before another judge in King county on September 10, 1929, which resulted in a mistrial because of misconduct of the father and guardian *ad litem* of appellant. The cause thereafter

came on for trial on December 2, 1929, and proceeded to verdict and judgment therein. At no time did appellant apply for a postponement of either setting for the purpose of securing the deposition or attendance of Smith as a witness. It must be remembered that appellant was and is the moving cause in this action.

In order to warrant the granting of a new trial on the ground of newly discovered evidence,

". . . it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative, or impeaching." 20 R. C. L. 290.

"The very foundation of setting aside a verdict for newly discovered evidence rests upon the basis that the evidence is new; that it was not known to the party till after the trial, . . . Evidence within the knowledge of a party at the time of trial, though he was absent from the trial, and failed to communicate it to his attorney, is not newly discovered." 20 R. C. L. 291.

It is thus plainly apparent that the evidence of Smith is not newly discovered. It was known to the parents of appellant and his guardian *ad litem* at least within three days after the accident, its importance, if any, and that Smith intended to go to California. It is also disclosed in the record that Smith did not go to California until June of that year. Thus there was ample time to obtain his deposition. There was no diligence whatever exercised to secure his testimony. Besides, the evidence of Smith is purely cumulative. That is, it is evidence of the same kind to the same point.

The judgment of the trial court is affirmed. The petition in this court is denied.

Tolman, C. J., Mitchell, Parker, and Main, JJ., concur.