[No. 25314. Department One. May 6, 1935.]

OTTO ULBRIGHT, *as Administrator, Respondent,* v.
HENRY HAGEMAN *et al., Appellants.*[1]

*W. B. Mitchell,* for appellants.

*Wm. Lucht, Jr.,* and *Lyle Von Erichsen,* for respondents.

GERAGHTY, J.—Plaintiff, as administrator of the estate of Hugo E. Ulbright, deceased, brought this action against the defendants to recover upon a note for two hundred dollars, executed by them in favor of Ulbright. The case was tried to the court and resulted in a judgment for the plaintiff. The defendants appeal.

The note was introduced in evidence, and the respondent testified that it had not been paid. Henry Hageman, one of the appellants, was called as a witness for them and was asked by their attorney to state

[1]Reported in 44 P. (2d) 196.

to the court the circumstances in connection with the signing of the promissory note. The court refused to admit the witness' testimony, upon the ground that it related to a transaction between the deceased and the witness, a party to the action. The appellants then offered to prove by their own testimony that Ulbright, the appellants and others had entered into an enterprise—the drilling of an oil well—and that the note was given on behalf of the enterprise and that the money was used to buy cable; that the note was not to be paid in money if Ulbright received certain funds that he was expecting from the east; and that, if these expected funds were received, he would take a "card" for four hundred dollars, representing an interest in the enterprise. It appears from the record that the oil-drilling enterprise was not formally incorporated, but investors received, as evidence of their interest, "cards" bearing a statement of the amount of money advanced and representing the share of the investor in the enterprise.

The court sustained an objection interposed by the respondent to the introduction of the proffered evidence. The appellants excepted and rested their case. The appellants filed a motion for a new trial, supported by affidavits, upon the ground of newly discovered evidence. The motion was denied.

The refusal of the court to receive the testimony of appellants and the denial of their motion for a new trial are the errors assigned.

The first assignment does not merit serious consideration, because, obviously, the proffered testimony was inadmissible under Rem. Rev. Stat., § 1211 [P. C. § 7722].

"Beginning with the case of *O'Connor v. Slatter,* 48 Wash. 493, 93 Pac. 1078, this court has uniformly held that:

" 'Where death has sealed the lips of one of the parties the statute imposes the same silence on the other. The prohibition of the statute is absolute and unconditional. It admits of no qualifications or exceptions, and it is not the province of the court to add to it or take from it.' " *Hill v. Scheer,* 153 Wash. 119, 279 Pac. 391.

The motion for a new trial was properly denied. In the first place, the appellants made no showing of diligence.

"We think no showing of diligence is disclosed by the supporting affidavits. It is not enough to state that there was diligence. Diligence is a fact and not a conclusion, and to show it, circumstances must be set forth that the court, rather than the party, can say that there was diligence." *State v. O'Brien,* 66 Wash. 219, 119 Pac. 609.

In the second place, the alleged newly discovered evidence, as outlined in the affidavits, was not material to the issue involved.

The judgment will be affirmed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.