[No. 26048.  *En Banc.*  June 25, 1936.]

OLE KNUTSON, *as Executor, Respondent,* v. C. L. McMAHAN *et al., Appellants.*[1]

*Bayley & Croson* and *George W. Martin,* for appellants.

*Guy E. Kelly,* for respondent.

MAIN, J.—This action was brought to recover damages for wrongful death. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendants in the sum of $3,539.75, from which they appeal.

[1]Reported in 58 P. (2d) 1033.

The accident happened September 23, 1934, at about 7:30 o'clock p. m., in the city of Tacoma, on south I street between south Thirteenth street and south Fourteenth street. South I street extends north and south, and the other two streets mentioned east and west. South Fourteenth street is one block north of south Thirteenth street, and the two streets are parallel. The lot at the northeast corner of south Thirteenth street and south I street is vacant. To the north of this is an engine house of the city's fire department, and north of the engine house is the First Norwegian Evangelical Lutheran Church. At the northwest corner of south I street and south Thirteenth street is a mortuary. To the north of this is an apartment house.

South I street is paved and is forty feet between the curb lines. Along the street are placed poles upon which there are electric lights. One of these poles stands just beyond the north line of the engine house property and on that side of the street.

Opposite the vacant lot, at the northeast corner of south I street and south Thirteenth street, an automobile was parked near the curb. There were other automobiles parked on that side of the street in front of the church. On the west side of the street and in front of the apartment house, there was a Ford coupe from which the driver and the young lady with him were alighting with the intention of entering the apartment house.

On the evening of the accident, Glen McMahan, who was the son of C. L. McMahan and wife, came from the south of south Thirteenth street in a Chevrolet automobile owned by his parents. With him was riding another young man of about the same age, Glen being about twenty years of age. Mrs. Johanna Knutson, the wife of Ole Knutson, who is the executor of her

last will and testament and who brings this action, came from the south of south Thirteenth street, on the west side thereof, intending to attend church services at the church mentioned. When she was in front of the mortuary on the west side of south I street, she entered the street and was seen by the two people in the Ford coupe which was parked some distance to the north.

After the Chevrolet automobile crossed south Thirteenth street, it swung to the left to avoid the automobile which was parked in front of the vacant lot, and, after proceeding a distance of forty or fifty feet, at a speed of twenty-five miles per hour, struck Mrs. Knutson and threw her body a distance of approximately thirty feet, and it landed by the side of the Ford coupe parked in front of the apartment house. She sustained injuries from which she died soon afterwards. The headlights of the Chevrolet were burning and were in good condition.

Glen says that, after he swung out to the left, he then swung to the right again, and his vision was obscured on account of the reflection of the street light on the pavement, and that he did not see Mrs. Knutson until almost at the instant of the impact. He and the young man that was with him testified that at no time was the Chevrolet over the west side of the center line of the street. The young man and woman who had driven up in the Ford coupe testified that, when the Chevrolet pulled out to go around the car parked opposite the vacant lot on the east side of the street, it took a diagonal course straight for their coupe, and they both thought it was going to hit them. The young lady had just alighted from the car, and she said she screamed and ran into the apartment.

The trial court found that the accident happened five or six feet west of the center line of the pavement,

and it is our view that the evidence sustains that fact, though Mrs. Knutson was not seen or noticed by anyone from the time the two people in the Ford coupe saw her come out into the street until she was struck by the Chevrolet.

Two questions are presented upon this appeal, the first of which is whether Glen McMahan was guilty of negligence in the operation of the Chevrolet automobile; and, if it be concluded that he was, then the question arises as to whether Mrs. Knutson was guilty of contributory negligence which would bar a recovery.

As to the negligence of Glen, as we view the evidence, these facts appear: That he was traveling at a speed of twenty-five miles an hour, and that at no time did he slacken his speed; that his vision was obscured by the street light while he traveled a distance of approximately forty-five feet, and that he was proceeding, not on the east side of the center line of the street, but was taking a course diagonally across in line with the Ford coupe parked in front of the apartment house.

Rem. Rev. Stat., § 6362-3 [P. C. § 196-3], and the ordinance of the city of Tacoma fix the speed of automobiles between street intersections at twenty-five miles per hour, and also provide that every person operating or driving a vehicle of any character shall drive the same in a careful and prudent manner and so as not to unduly or unreasonably endanger the life of any other person entitled to use the street. An ordinance of the city of Tacoma provides that pedestrians shall not cross any street in the city except at crosswalks, and that vehicles shall have the right of way between intersections and pedestrians at crosswalks.

It is true that a driver of an automobile is not required to anticipate that a pedestrian will be crossing

the street between intersections in violation of the ordinance, but the driver of such vehicle is required to proceed in the exercise of reasonable care, and, if he does not exercise such care, he would be guilty of negligence. *Libbee v. Handy,* 163 Wash. 410, 1 P. (2d) 312. In this case, we think that the driver of the Chevrolet, in proceeding at the speed he was going, with his vision obscured, and in a diagonal course across the street, must be held to have been guilty of negligence, even though it was not negligence, as a matter of law, for the vehicle to be on the west side of the center line of the street.

Coming now to contributory negligence, when Mrs. Knutson attempted to cross the street between intersections in violation of the ordinance, she was guilty of negligence as a matter of law, but this does not defeat a recovery unless such negligence materially contributed to the accident. It was her duty to exercise care commensurate with the situation and keep a lookout to avoid injury. *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866. She having died shortly after the accident, it is presumed that, even though she was crossing the street in violation of the ordinance, she was doing so in the exercise of due care. *Karp v. Herder,* 181 Wash. 583, 44 P. (2d) 808.

The accident having happened west of the center line of south I street, it is a proper inference that Mrs. Knutson, in the exercise of reasonable care, would see the automobile coming from the south and would do what she could to avoid being struck by it. Had the automobile passed east of the center line of the street, as the appellants claim, the accident would not have happened. Giving effect to the presumption that Mrs. Knutson exercised due care, it necessarily follows that she was not guilty of contributory negli-

gence which materially contributed to the accident, even though she was crossing the street between intersections.

The judgment will be affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.

BEALS, J. (dissenting)—The majority opinion correctly states that it was not negligence, as matter of law, for the automobile to be on the west side of the center line of the street, and that Mrs. Knutson was guilty of negligence, as matter of law, in attempting to cross the street between intersections, in violation of the ordinance, vehicles having the right of way over that portion of the highway. Assuming that the accident occurred at the point found by the trial court, I am nevertheless of the opinion that, under the facts disclosed by the record and the law applicable to such a situation, respondent is not entitled to rely upon the presumption that the deceased was exercising due care.

Mrs. Knutson was, as stated by the majority, crossing the street between intersections, in violation of the city ordinance, and, while it may naturally be inferred that, if she saw the automobile approaching from the south, she would do what she could to avoid being struck by it, I do not think that any such inference aids respondent in upholding the judgment before us for review. Of course, if the automobile had remained to the east of the center line of the street, and if Mrs. Knutson had, at the time it passed her, been to the west of the center line of the street, the accident would not have happened. But even assuming the correctness of the trial court's finding as to the point where the collision occurred, nevertheless it must be held, as stated by the majority, that the driver of the automo-

bile was not guilty of negligence, as matter of law, and that Mrs. Knutson was guilty of such negligence.

In my opinion, the majority incorrectly apply to the facts of this case the presumption that Mrs. Knutson was exercising due care in her course across the street. This presumption should not apply in a case where the deceased was admittedly guilty of negligence, as matter of law. In the face of such a fact, the presumption should disappear and not be considered by the trier of the facts. Assuming that appellant driver was negligent, it seems to me clear that the trial court erred in failing to hold that respondent should not be allowed to recover because of Mrs. Knutson's contributory negligence.

I accordingly dissent from the opinion of the majority.

TOLMAN, GERAGHTY, and STEINERT, JJ., concur with BEALS, J.