[No. 31404.  Department Two.  November 14, 1950.]

RUTH ANNE STIBBS, *Appellant*, v. GERALD D. STIBBS, *Respondent*.[1]

*McMicken, Rupp & Schweppe, Mary Ellen Krug*, and *Grace O. Dailey*, for appellant.

*Kahin, Carmody & Horswill*, for respondent.

MALLERY, J.—This is an action for separate maintenance. The parties separated in February, 1948, and this suit was commenced the following October. The complaint was based, largely, upon the allegation that the defendant had become enamoured of a former employee, and that he devoted all his time and attention to her. The defendant denied this in his answer. At the trial, evidence was introduced by deposition and by direct testimony in support of both sides

[1]Reported in 223 P. (2d) 841.

of this issue. Plaintiff's chief witnesses were the former employee's husband, Mr. Hill, and his sister and brother-in-law. Their testimony was that they had seen the defendant's car parked in front of Mrs. Hill's residence in Vancouver, B. C., on Saturday morning, September 18, 1948, at about 2:30 a. m., again at one o'clock p. m., and later at ten o'clock p. m. The car was identified by its license number and make. Some of the relatives had seen Mrs. Hill and the defendant riding in the car the same day. The car was also seen, in front of the house, on the following day, Sunday the 19th, and the defendant could be observed in the living room through the window.

The defendant was asked where he had been on the dates in question, and he testified that he had been in Chicago attending a dental convention, that he had left Seattle in the company of a doctor friend on September 9, 1948, and had returned to Seattle on the morning of September 20th. This testimony was corroborated in great detail by his friend and his wife. The effect of this alibi is reflected in the following quotation from the trial court's decision:

" (i) Plaintiff produced several witnesses in support of her claim that defendant was driving with Mrs. Hill in Vancouver at about 3:45 p. m. on September 18, 1948; that his car was parked in front of Mrs. Hill's home that night about 2:30 a. m.; and that on the 19th at about 1:00 p. m. defendant's car was parked in front of her home, and he was seen in the living room. The witnesses so testifying were all related by blood or marriage to Mrs. Hill's estranged husband. Defendant produced evidence which established beyond doubt that he left Seattle for Chicago, Illinois on September 10, 1948, that he was there until the evening of September 19, when he left by plane for Seattle, arriving here September 20, at approximately 11:00 A. M. I find that the testimony of the Hill family is unworthy of belief, and that the testimony of defendant and of Dr. and Mrs. Thomas is reliable."

The trial court found for the defendant and dismissed the action. The plaintiff moved for a new trial on the statutory ground of newly discovered evidence based upon the affidavits of officials of the Northwest Airlines, Inc. Its records

show that the defendant and his friend arrived in Seattle by plane from the east at 10:23 a. m., September 17, 1948. This refutes defendant's alibi. The wealth of detail in support of the alibi, which was so convincing to the trial court, is not compatible with mere inadvertence or faulty memory, but, rather, supports an inference of fabrication. The plaintiff appeals from the judgment and the order overruling the motion for a new trial.

■ In *Nelson v. Placanica*, 33 Wn. (2d) 523, 206 P. (2d) 296, we said:

"To justify granting a new trial on the ground of newly discovered evidence, the following requirements must be satisfied: (1) The new evidence will probably change the result if a new trial is granted. [Citing cases.] (2) It must have been discovered since the trial. (3) It could not have been discovered before the trial by the exercise of diligence. [Citing cases.] (4) It is material to the issue. *Ulbright v. Hageman, supra.* [181 Wash. 706, 44 P. (2d) 196.] (5) It is not merely cumulative. *Hardman Estate v. McNair, supra;* [61 Wash. 74, 111 Pac. 1059.] *Libbee v. Handy, supra;* [163 Wash. 410, 1 P. (2d) 312.] or impeaching. [Citing cases.]"

■ Applying these five requirements in sequence to the newly discovered evidence, in the instant case, we find that (1) the new evidence will probably change the results upon a new trial. It affects the main element of the appellant's case. The ancient maxim was: *falsus in uno, falsus in omnibus.* Fabrication of testimony indicates lack of merit in one's case. See *State v. Aspara*, 113 La. 940, 37 So. 883; 2 Wigmore on Evidence (3d ed.) 120, § 278. (2) The evidence controverting the alibi was discovered after the trial. (3) It could not have been discovered before the trial by reasonable diligence, because it could not have been anticipated that the respondent would rely upon an alibi. (4) It is material to the main issue of appellant's case, and (5) it is not merely cumulative or impeaching. The newly discovered evidence having satisfied the requirements of the law, the appellant is entitled to a new trial.

This being a trial *de novo*, we are asked to grant a final judgment for the appellant, or to grant her a new trial.

Because this case turns upon the credibility of the witnesses, we think the trial court, with the witnesses before it, is in a better position to pass upon that matter than is this court.

The judgment is reversed and the cause remanded for a new trial.

ROBINSON, SCHWELLENBACH, GRADY, and HAMLEY, JJ., concur.