[No. 28680-7-II. Division Two. June 24, 2003.]

KELLY VANCE, *Appellant*, v. THE OFFICES OF THURSTON COUNTY COMMISSIONERS, ET AL., *Respondents*.

SCOTT WOOD, ET AL., *Appellants*, v. THURSTON COUNTY, ET AL., *Respondents*.

*Katrina E. Glogowski* (of *McCarthy & Holthus, L.L.P.*), for appellants.

*Edward G. Holm, Prosecuting Attorney*, and *Jeffrey G. Fancher, Deputy*, for respondents.

ARMSTRONG, J. — Kelly Vance and others[1] filed numerous public disclosure requests with various Thurston County

---

[1] We refer to the appellants collectively as Vance.

agencies under Washington's public disclosure act. A county employee responded to the requests for the county commissioners and another county agency, but mistakenly left out one document. After the trial court ruled against Vance in a show cause hearing, he filed two more requests, claiming that Thurston County failed to respond to the original requests. The trial court disagreed and denied Vance's Motion for Relief from Order. On appeal, Vance argues that the trial court erred in failing to strictly enforce the public disclosure act, in not finding the County liable for failing to timely comply with the requests, and in failing to produce all documents requested. We find no error and, accordingly, affirm.

## FACTS

Between June and August 1999, Kelly Vance submitted 14 separate requests under Washington's public disclosure act (PDA), codified at chapter 42.17 RCW, to various Thurston County agencies. Vance and his colleagues filed additional public disclosure requests individually as well. Most of the requests were several pages long and cited numerous legal cases and laws. Vance made nine requests to Thurston County Development Services (Development Services).[2]

---

2

| Request # | Date of Request | Date Received | Date Initial Response |
|-----------|-----------------|---------------|-----------------------|
| PD-TCDS-01 | 6-06-99 | No record | 6-11-99 |
| PD-TCDS-02 | 6-17-99 | 6-22-99 | 6-22-99 |
| PD-TCDS-03 | 6-17-99 | 6-24-99 | 6-24-99 |
| PD-TCDS-04 | 6-19-99 | 6-24-99 | 6-24-99 |
| PD-TCDS-05 | 6-20-99 | 6-24-99 | 6-24-99 |
| PD-TCDS-06 | 6-17-99 | 6-22-99 | 6-22-99 |
| PD-TCDS-06 | 7-29-99 | 7-29-99 | 8-04-99 |
| PD-TCDS-07 | 8-12-99 | 8-16-99 | 8-17-99 |
| PD-TCDS-20 | 8-25-99 | 8-26-99 | 8-26-99 |

He made five more requests to the Thurston County Board of Commissioners (BOCC).[3]

The current case involves request PD-TCC-01, which Vance submitted to the BOCC on June 6, 1999. Vance made identical requests to Development Services and the Thurston Regional Planning Council on the same date. The requests sought records pertaining to general policies and procedures regarding agency operations, organization, procedures, policies, appointments, opinions, interpretations, instructions, reports, correspondence, or changes and amendments to general operations. Vance also asked the County to produce a current index identifying information on records issued, adopted, or promulgated after January 1, 1973, as required under RCW 42.17.260(3), or to produce an order showing that compiling such as an index was unduly burdensome.

The County designated Gina Suomi to coordinate responses to the multiple requests. Suomi is the Administrative Supervisor for Development Services, an office under the control and authority of the BOCC. Her duties include responding to public records requests for Development Services and, at times, the BOCC. The BOCC directed Suomi to respond for both the BOCC and Development Services because: (1) Development Services is under the authority and control of the BOCC, (2) the two requests were identical, and (3) Suomi is generally responsible for

---

[3]

| Request # | Date of Request | Date Received | Date Initial Response |
|---|---|---|---|
| PD-TCC-01 | 6-06-99 | 6-08-99 | 6-11-99 |
| PD-TCC-02 | 6-17-99 | 6-22-99 | 6-29-99 |
| PD-TCC-03 | 6-17-99 | 6-22-99 | 6-29-99 |
| PD-TCC-04 | 6-19-99 | 6-24-99 | 6-29-99 |
| PD-TCC-08 | 8-11-99 | 8-16-99 | 8-17-99 |

coordinating responses for Development Services and, at times, the BOCC.

Because of the confusing nature of the three lengthy public information requests, Suomi responded on June 11, 1999, by advising Vance that she would need approximately 30 days to address the requests. The Thurston Regional Planning Council decided to respond on its own.

Suomi met with BOCC administrative aide, Del Rae Oderman, to determine which records were available. On June 22, Suomi provided documents in response to Vance's June 6 request. Although the documents were sent on Development Services letterhead, the response referred to PD-TCC-01.[4] And Suomi expressly referred Vance to, among other things, the Commissioner's Administrative Manual and Thurston County Zoning Ordinance (Title 20 of the Thurston County Code). She also stated that they were not aware of a current records index or an order that maintaining such an index was unduly burdensome.

Suomi did overlook one document that could have been responsive to Vance's request. The document, however, was on public display and was ultimately given to Vance on July 23, 1999, in response to his request number PD-TCC-02.

Vance sued the County over its response to PD-TCC-01 on the same day that Suomi responded to PD-TCC-02. The Thurston County Superior Court ordered the County to show cause why it had unlawfully withheld documents. After a hearing, the trial judge ruled that the County had not violated the PDA by unlawfully withholding public documents.

On February 21, 2002, after the court had ruled against Vance in the show cause hearing, he made two additional public information requests in person. He sought the: (1)

---

[4] In addition to directing Vance to certain documents, enclosed were: (1) a Development Services Organizational Chart, (2) Document Request and Copying Procedures, (3) a Subscription Memo, (4) a Permitting Department telephone list, (5) Permitting Applicant Guides, and (6) a Development Services Fee Schedule.

policy and procedures Development Services relied on; (2) "County Permitting Policies and Procedures" manual; and (3) "Policies and Procedures Book 2, Plan Review-Zoning" manual. Clerk's Papers (CP) at 226. Vance also requested a copy of the BOCC's Administrative Manual. The BOCC and Development Services responded to Vance's February 21 request on February 27, 2002.

Based on the County's response to his February 21, 2002 public disclosure request, Vance filed a Motion for Relief from Order. The court denied Vance's motion and dismissed his action against the County.

## ANALYSIS

■■ We review de novo a public agency's response to a PDA request. *Tacoma Pub. Library v. Woessner*, 90 Wn. App. 205, 215, 951 P.2d 357 (1998). The PDA is to be liberally construed to promote full access to public records, and its exemptions are to be narrowly construed. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994).

### I. The Legal Standard

■■ "[F]ree and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.17.340(3); *King County v. Sheehan*, 114 Wn. App. 325, 336, 57 P.3d 307 (2002). A public agency must respond to a records request within five business days. RCW 42.17.320.[5] The agency bears the burden of proving that refusal to disclose "is in accordance with a statute that exempts or prohibits disclosure in whole or in part of

---

[5] RCW 42.17.320 reads in part:

Responses to requests for public records shall be made promptly by agencies, the office of the secretary of the senate, and the office of the chief clerk of the house of representatives. Within five business days of receiving a public record request, an agency, the office of the secretary of the senate, or the office of the

specific information or records." RCW 42.17.340(1); *Sheehan*, 114 Wn. App. at 336.

■ Vance argues that the trial court erred in finding the County's substantial compliance sufficient to meet PDA standards. Specifically, he argues that Suomi's June 22 response was only on behalf of Development Services, not the BOCC. Vance reasons that Development Services is a separate agency and cannot respond for the BOCC. He urges us to strictly construe the statute and find that the County violated the PDA because, according to Vance, the BOCC never responded to PD-TCC-001. Vance also argues that the County violated the PDA when Suomi produced the July 23, 1999 document only in response to his lawsuit.

But the County did respond to PD-TCC-001. Suomi expressly referred to PD-TCC-001 in her June 22, 1999 response to Vance. Suomi's response stated "RE: Records request PD-TCC-01" in the reference line. CP at 91. We conclude that the trial court correctly ruled that Vance had not shown that the County refused to allow inspection of this document.

## II. Suomi—Authority to Respond on Behalf of the County

■ Under RCW 42.17.250(1)(a), an agency must state, publish, display, and make available "[d]escriptions of its central and field organization and the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain copies of agency decisions." RCW 42.17.250(1)(a). This provision is part of a strongly worded mandate for broad public disclosure of public records. *Limstrom v. Ladenburg*, 136 Wn.2d 595, 603, 963 P.2d 869 (1998).

---

chief clerk of the house of representatives must respond by either (1) providing the record; (2) acknowledging that the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives has received the request and providing a reasonable estimate of the time the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives will require to respond to the request; or (3) denying the public record request.

██ ██ Vance argues that RCW 42.17.250(1)(a) requires all public agencies to designate a particular employee to handle all public information requests and that an employee of one agency cannot respond for another agency. He argues that the County violated RCW 42.17.250(1)(a) when Suomi responded for both Development Services and the BOCC.

RCW 42.17.250(1)(a) expressly requires an agency to provide "the *employees* from whom . . . the public may obtain information." RCW 42.17.250(1)(a) (emphasis added). The statute expressly allows more than one employee to address public information requests and responses; and it does not require that the employee work for the agency. The BOCC fulfilled the statutory requirement by providing a procedural form that advised the public to make records requests to the second floor receptionist in Building 1, Room 269. The receptionist would then ascertain the appropriate staff member to fulfill the request. The statute does not require each agency within a governmental entity, such as the County, to designate its own separate individual, and Vance cites no authority to support the notion.

Moreover, Vance's interpretation of the PDA would likely hinder the purposes of the Act. If each agency within a governmental entity were required to designate its own staff person to respond to PDA requests, the staff persons in smaller agencies would lack the training and experience to deal efficiently with requests. And the County would be unable to train and use a multiagency specialist, such as Suomi, to handle requests more efficiently and cost effectively. As a result, some agencies would require more time and incur greater expense to produce the requested documents. This runs counter to the spirit and purpose of the PDA; we are not obligated to undertake a hypertechnical reading of a statute that yields an absurd result. *Pudmaroff v. Allen*, 138 Wn.2d 55, 65, 977 P.2d 574 (1999).

A. <u>Did the County Withhold Records in Violation of Chapter 42.17 RCW?</u>

Vance filed his original requests on June 6, 1999. In addition to the documents described above, Vance asked the County to produce a current index identifying information on records issued, adopted, or promulgated after January 1, 1973, as required under RCW 42.17.260(3), or to produce an order showing that compiling such an index was unduly burdensome.

The County responded in June and July 1999. Then, after the show cause hearing, Vance, on February 21, 2002, made another public information request.

Development Services and the BOCC responded to Vance's February 21 request on February 27, 2002. Vance argues that his February 21 request "resulted in hundreds of pages of documents being released to plaintiffs" that were not "provided or even referred to by Ms. Suomi's June 22, 1999 response." Br. of Appellant at 4. And this, according to Vance, is a per se violation of the PDA. We disagree.

■ Vance's PD-TCC-01 and PD-TCDS-01 requests were substantially different from his February 21 public information requests. On June 22, Vance requested documents pertaining to: (1) descriptions of agency central and field organization; (2) public information locations; (3) statements pertaining to the general course and method of agency operations; (4) substantive rules of general applicability, statements of general policy, or interpretations of general applicability formulated and adopted by the agency; (5) rules of procedure; (6) any amendments or revisions to the above records; (7) any memo displaying the name of a public disclosure officer; and (8) an index of agency reports, manuals, and material.

In his February 21 request, Vance sought the: (1) policy, procedures, ordinances, and codes Development Services relied on; (2) "County Permitting Policies and Procedures" manual; and (3) "Policies and Procedures Book 2, Plan Review-Zoning" manual. CP at 226. Vance also requested a copy of the BOCC's Administrative Manual.

Moreover, the County supplied some of the same information to Vance in response to his original request number PD-TCC-01, in particular, it provided documents from the Thurston County Administrative Manual.

 But Vance is correct that neither the BOCC nor Development Services compiled an index of certain records as required under RCW 42.17.260(3); and the County did not produce a copy of an order showing that compiling such an index was unduly burdensome, as allowed under RCW 42.17.260(4).

Specifically, the statute states that a local agency need not maintain such an index, but then must:

> (a) Issue and publish a formal order specifying the reasons why and the extent to which compliance would unduly burden or interfere with agency operations; and

> (b) Make available for public inspection and copying all indexes maintained for agency use.

RCW 42.17.260(4)(a), (b).

Thus, the County was required by statute to either keep a document index or issue and publish an unduly burdensome order. The County apparently did neither. But the remedy for the County's failure does not work to Vance's benefit. RCW 42.17.400 provides the remedy for violations of chapter 42.17 RCW and specifies that the attorney general or the local prosecuting attorney may bring an action to enforce this chapter. Under the statute, Vance can bring an action only if these authorities fail to act after receiving notice of possible violations. RCW 42.17.400(4); *Crisman v. Pierce Co. Fire Prot. Dist. No. 21*, 115 Wn. App. 16, 22, 60 P.3d 652 (2002). He has not shown such notice.

## B. Vance's Motion for Relief from the Show Cause Ruling

Vance argues that the trial court should have granted his motion for relief from the show cause ruling because he subsequently discovered previously undisclosed documents relevant to his public information request number PD-TCC--01. He contends that he exercised due diligence in uncov-

ering the documents and that the new evidence gives him the right to "further examine Respondents' compliance with the PDA." Reply Br. of Appellant at 10, 11.

A party may seek relief from an order on the basis of newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under rule CR 59(b). CR 60(b)(3); *Wagner Dev., Inc. v. Fid. & Deposit Co. of Md.*, 95 Wn. App. 896, 906, 977 P.2d 639 (1999). A mere allegation of diligence is not sufficient; the moving party must state facts that explain why the evidence was not available for trial. *Peoples v. City of Puyallup*, 142 Wash. 247, 248, 252 P. 685 (1927). The court will also not grant CR 60(b)(3) relief if the newly discovered evidence is not material. *Hinton v. Carmody*, 186 Wash. 242, 255, 60 P.2d 1108 (1936). We review the trial court's decision on a CR 60(b) motion for an abuse of discretion. *Pybas v. Paolino*, 73 Wn. App. 393, 399, 869 P.2d 427 (1994). A court abuses its discretion only when its exercise of discretion is manifestly unreasonable or based on untenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Vance's new evidence consists of documents the County gave him in response to his February 21, 2002 requests. Vance made the requests two and a half years after making request PD-TCC-01. The County had given Vance some of the February 21 documents in response to his initial requests, such as the County's Administrative Manual. And some of the documents were new because Vance's February request was different than his earlier request. As to the documents previously given to Vance, they are not *new* evidence. As to the new documents, they were provided in response to new and different requests, and Vance has not explained why he could not have made those requests before the show cause hearing. Finally, contrary to Vance's argument, the new documents were not documents the County should have provided in June and July. The trial court found that the County had fully complied with Vance's June 1999 request; and we have found no error in that

ruling. We conclude that the trial court did not abuse its discretion in denying Vance's motion for relief from the show cause order.

### III. Vance Attorney Fees Under RAP 18.1

 Vance requests attorney fees and costs on appeal as allowed under RAP 18.1. A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial, only if the party is the prevailing party. Vance, however, is not the prevailing party on appeal and, thus, is not entitled to fees and costs. RAP 18.1; *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 300, 38 P.3d 1024, *review denied*, 147 Wn.2d 1016 (2002).

### IV. Thurston County Attorney Fees—Frivolous Appeal Under RAP 18.9(a)

 Thurston County has requested attorney fees under RAP 18.9(a). Under RAP 18.9(a), we may award attorney fees against a party who files a frivolous appeal. But an appeal is frivolous only if there are no reasonably debatable issues, and it is so totally devoid of merit that there is no reasonable possibility of reversal. *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

Vance presented reasonably debatable issues, particularly on the question of whether the County had to designate a separate employee in each county department to answer PDA requests. We cannot, therefore, say that his appeal is frivolous. Thus, Thurston County is not entitled to attorney fees.

Affirmed.

HOUGHTON and BRIDGEWATER, JJ., concur.

Reconsideration denied August 6, 2003.