

**FILED**
**APRIL 5, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LINDA AMES, | ) | |
| | ) | No. 38547-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, NATIONAL | ) | UNPUBLISHED OPINION |
| ASSOCIATION AS TRUSTEE FOR | ) | |
| WELLS FARGO ASSET SECURITIES | ) | |
| CORPORATION, MORTAGE PASS- | ) | |
| THROUGH CERTIFICATES SERIES | ) | |
| 2006-AR16, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, C.J. — Linda Ames appeals denial of her tardy motion seeking to vacate a 2018 judgment based on newly-discovered evidence. Because she fails to demonstrate that she had newly-discovered evidence that would probably change the result reached in 2018 and fails to identify a basis for avoiding the fatal untimeliness of her motion, we affirm.

FACTS AND PROCEDURAL BACKGROUND

We draw much of the background from this court's decision in a prior appeal by Ms. Ames, *Ames v. HSBC Bank USA, NA*, No. 51941-1-II (Wash. Ct. App. Nov. 5, 2019)

No. 38547-7-III
*Ames v. HSBC Bank USA, N.A.*

(unpublished),[1] *review denied*, 195 Wn.2d 1016, 461 P.3d 1203, *cert. denied*, 141 S. Ct. 680 (2020), *reh'g denied*, 141 S. Ct. 1143 (2021).

In 2006, Ms. Ames borrowed $590,000 from Sierra Pacific Mortgage Company, Inc., to purchase real property in Vancouver. *Ames*, slip. op. at 2. Her loan was sold to a securitized trust, HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR16 (HSBC). *Id.* at 3. Wells Fargo Bank, N.A. (Wells Fargo) serviced the loan and served as HSBC's attorney-in-fact. *Id.*

Ms. Ames ceased making her monthly loan payments in 2011. *Id.* In September 2012, HSBC commenced nonjudicial foreclosure. *Id.* The foreclosure sale eventually took place in November 2013, after which HSBC filed an unlawful detainer action. *Id.* at 3-4. A writ of restitution was granted. *Id.* at 4. Ms. Ames had raised objections in answering the unlawful detainer action, including that HSBC had wrongfully foreclosed and the deed of trust should be declared void for fraud, and she appealed. *Id.* A commissioner of this court granted HSBC's motion on the merits, concluding that Ms. Ames had waived her opportunity to invalidate the sale or the trustee's deed. *Id.*

In November 2015, Ms. Ames brought the action below against HSBC,[2] alleging seven causes of action: quiet title, wrongful foreclosure, conversion, fraud,

---

[1] Https://www.courts.wa.gov/opinions/pdf/D2%2051941-1-II%20Unpublished%20Opinion.pdf.

2

misrepresentation, civil conspiracy, and declaratory relief from a summary judgment that had been granted to the successor foreclosure trustee in an action Ms. Ames had filed in 2013. *Id.* Among her allegations were that the deed of trust and foreclosure sale were illegal, there were irregularities with the sale, the property's title was fraudulently transferred, and the entities involved in foreclosing on the property had conspired to commit criminal and civil acts. *Id.* at 4-5. Her prayer for relief sought to void the deed of trust, quiet title in her name, declare any notes invalid, declare that HSBC committed fraud, vacate the summary judgment order from her earlier action, and award her monetary damages. *Id.* at 5.

The trial court granted HSBC summary judgment in February 2018. *Id.* at 6. It implicitly denied a motion to add Wells Fargo as a defendant that Ms. Ames had filed after HSBC moved for summary judgment. *Id.* at 6. Ms. Ames appealed. *Id.* In November 2019, this court affirmed the summary judgment and denial of the motion to amend. *Id.* at 1-2.

Ms. Ames petitioned for review by the Washington Supreme Court, which was denied in April 2020. *Ames*, 195 Wn.2d 1016 (2020). She petitioned the United States Supreme Court for a writ of certiorari, which was denied in November 2020. *Ames v. HSBC BANK USA, N.A.*, 141 S. Ct. 680, 208 L. Ed. 2d 284 (2020). Her petition for

---

[2] Clark County Superior Court Case No. 15-2-03226-1.

rehearing was denied on January 11, 2021. *Ames v. HSBC BANK USA, N.A.*, ____ U.S. ____ 141 S. Ct. 1143, 208 L. Ed. 2d 573 (2021).

In February 2020, while her requests for review of this court's decision were pending, she filed an action against Wells Fargo in state court that Wells Fargo removed to federal court. She asserted claims for wrongful foreclosure, conversion, fraud, misrepresentation, and a civil conspiracy among Wells Fargo, HSBC, and others. The action was dismissed with prejudice in August 2020, the federal court having concluded that Ms. Ames's claims were fully litigated and decided by the state court in this action. *Ames v. Wells Fargo Bank NA*, No. C20-5246 BHS, 2020 WL 5105458 (W.D. Wash. Aug. 31, 2020).

The present appeal is from denial of a CR 60 motion that Ms. Ames filed in March 2021. In an order to show cause (vacate judgment/order), she asserted that in light of newly-discovered evidence, the trial court should "vacate, alter or amend its final summary judgment and permit the Plaintiff to file an amended complaint against Wells Fargo." Clerk's Papers (CP) at 2684. Beyond that, her motion identified 13 orders entered before the dismissal of her action that she requested be vacated. All were at least three years old.

She identified three pieces of newly-identified evidence. First, she relied on what she characterized as "smoking gun evidence": certificates of tax exemption that HSBC filed with New Jersey's Division of Taxation when it sold New Jersey properties. CP at

4

2689. She construed them as proving "there is no trust" and HSBC "had no capacity to sue or foreclose." CP at 2685-86. Relatedly, she represented that HSBC Bank USA had ceased actively doing business in Washington in 2004. Second, she relied on a settlement entered into on August 1, 2018, between the United States Department of Justice (DOJ) and Wells Fargo, resolving civil claims against Wells Fargo that she contended resolved "illegal acts which are identical to those complained of by the Plaintiff." CP at 2688. Third, she relied on a securities fraud class action by allegedly defrauded investors, *In re Wells Fargo Mortgage-Backed Certificates Litigation*, 712 F. Supp. 958 (N.D. Cal. 2010) that was "just discovered." CP at 2688. It had been settled, with the settlement amount distributed to trust investors, from which Ms. Ames concluded, "they had already recovered their money for the subject mortgage, or at a minimum, some portion of it, which was never credited to the Plaintiff." CP at 2688-89.

In responding to the motion, HSBC stated, as to Ms. Ames's three pieces of new evidence, that (1) the action settled by the DOJ and Wells Fargo "is unrelated to and completely separate from the action here" and the settlement agreement "does not affect HSBC and Wells Fargo's ability to foreclose" after default; (2) the class action on which she relied was filed in 2009, by *investors*, not borrowers, and had nothing to do with the types of claims asserted by Ms. Ames's complaint; and (3) the checked box on the "smoking gun" residency certification/exemption documents signified that the seller/grantor was not an estate or personal trust—not that it was not a corporate trust.

5

CP at 2904. HSBC provided the court with a "frequently asked questions" document from the New Jersey Division of Taxation that explains the certification/exemption document is required to be filed when New Jersey real property is transferred, and identifies relevant New Jersey taxation statutes. CP at 2896-99.

At a hearing taking place in March 2021, the trial court denied Ms. Ames's motion to vacate, explaining to Ms. Ames that the evidence she relied on as newly-discovered did not constitute the type of information that would change the result of its decision to grant summary judgment and deny her leave to amend, that her motion was untimely, and that the issues she sought to litigate had already been resolved.

Ms. Ames appeals.

ANALYSIS

Under CR 60(b)(3), a party may seek relief from an order on the basis of newly-discovered evidence that, by due diligence, could not have been discovered in time to move for a new trial under CR 59(b). *Vance v. Thurston County Comm'rs*, 117 Wn. App. 660, 671, 71 P.3d 680 (2003). Courts will grant a motion to vacate a judgment under CR 60(b)(3) "when newly discovered evidence '(1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching.'" *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 821, 490 P.3d 200 (2021) (quoting *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d

380 (2013)).  The moving party—here, Ms. Ames—bears the burden of presenting facts demonstrating that the evidence could not have been timely discovered.  *Vance*, 117 Wn. App. at 666.  A mere allegation of diligence is not sufficient.  *Id*. at 671.

An appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of *denying the motion to vacate*, not any alleged impropriety of the underlying order.  *In re Dependency of J.M.R.*, 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011) (citing *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980)).  Further, motions under CR 60(b) must be made "not more than 1 year after the judgment, order, or proceeding was entered or taken."  We review a court's decision under CR 60(b) for abuse of discretion.  *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990).  We will not overturn the decision unless the trial court exercised its discretion on untenable grounds or for untenable reasons.  *Id.*

To succeed on appeal, it was incumbent on Ms. Ames to zero in on the trial court's reasons for denying her relief—principally its findings that the evidence she relied on as newly-discovered did not constitute the type of information that would change its decisions granting summary judgment and denying amendment[3] and that her motion was untimely.

---

[3] The same superior court judge who had decided the summary judgment motion in 2018 heard and denied the motion to vacate that judgment.

Ms. Ames failed to present *evidence*, not mere allegations, proving *facts* that would change the result of the 2018 judgment. Her motion to vacate needed to be supported by *evidence* of *facts* learned from the DOJ/Wells Fargo settlement and class action that had a direct bearing on the foreclosure of her property and that would demonstrate directly that some fact specific to her foreclosure and her lawsuit was disputed. Her motion needed to show not merely that she discovered the two legal proceedings too late, but that with due diligence she could not have discovered them earlier. It was Ms. Ames's burden, not HSBC's, to provide the court with law, regulation, or evidence of policy that proves what the seller's assurance on the New Jersey seller certification/exemption document means. If the certification/exemption document does demonstrate some defect in HSBC's organization, it was her burden to provide legal authority that the defect would have prevented foreclosure where she had defaulted in repaying a $590,000 loan. Instead, Ms. Ames provides us, and provided the trial court, with only conclusory allegations. Her briefing on appeal is almost entirely unsupported by citations to the record in violation of our rules. *See* RAP 10.3(a)(5) (reference to the record must be included for each factual statement); *Joy v. Dep't of Labor & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012) (this court will not consider conclusory arguments).

Finally, Ms. Ames provides no defense to the trial court's reasoning that her motion was untimely. Her failure to file the motion within a year was an independent

basis mandating dismissal. The judgment she asked be vacated was entered on February 6, 2018, and the motion to vacate whose denial is before us on appeal[4] was filed on March 8, 2021. Ms. Ames suggests in her opening brief that she filed the motion within a year of the United States Supreme Court's disposition of her petitions. Opening Br. of Appellant at 39-40. That would not make her motion timely, however.

The order denying the motion is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Staab, J.

_____
Fearing, J.

---

[4] Ms. Ames had earlier filed a motion to vacate, alter, or amend final judgment, but it was denied on February 11, 2020. That denial was never appealed. This appeal, filed on April 26, 2021, was clearly too late to challenge that 2020 decision. *See* RAP 5.2(a) (providing that a notice of appeal must ordinarily be filed within 30 days of entry of the decision being appealed).